## J. C. SHEFFIELD AND ANOTHER v. J. F. GORDON.

In an action on a note made in 1859, the defense was usury and payments exceeding the amount legally due on the note. There was evidence tending to prove the usury. *Held*, that it was error for the court to ignore the question of usury, and to instruct the jury as though the defense was payment alone. The jury should have been instructed to allow no interest, if from the evidence they believed the contract was usurious.

APPEAL from Gaudalupe. Tried below before the Hon. J. J. Thornton.

The cause was tried in the district court in May, 1870.

The instruction to the jury was, that if "Outlaw has paid the amount of the note, or of the amount of money for which the note is given, with interest thereon at twelve per cent. per annum, you will find for the defendants; but if you believe such amount of money was not paid, then you will find for the plaintiff such amount as may still remain unpaid."

The opinion of this court shows the other facts.

As the usury laws have been abolished in this State, a report of this case may seem unnecessary; but their abrogation is so recent that questions may still arise upon them.

*White & Goodrich*, for the appellants.

*Chandler & Carleton*, for the appellee.

WALKER, J.—This suit was brought by Gordon against Outlaw, Oliver and appellants, on a promissory note for $500, with twelve per cent. interest from its date, January 4, and was dismissed as to Oliver, who died.

Outlaw, who borrowed the money for which the note was given, set up that he only received of Gordon $400, and that the note was given for $500, so as to cover the interest up to time of maturity. He also set up the plea of usury, and that the note had been fully paid. He also plead his discharge in bankruptcy, which plea was sustained by the district court, and the suit dismissed as to him.

The cause was first tried in the county court, where verdict and judgment were rendered for plaintiff, Gordon, for $606 95.

Motion for new trial was overruled, and defendant appealed to the district court, where verdict was for plaintiff, Gordon, in the sum of $365, and judgment rendered accordingly.

From the judgment and ruling of this court an appeal was taken.

Suit being dismissed as to Outlaw, he appeared as witness for the defendants. He says that he borrowed $400 from Gordon, and that in executing the note, interest at five per cent. per month was added, making up the $500. That on the fifteenth of July, 1861, he sold to plaintiff, in payment of said note, a negro girl named Mary, for the sum of $750. That Gordon claimed that there was still a small balance due upon the note after applying the $750. That witness agreed to pay four per cent. per month in addition to the rate of interest expressed in the note, and that

if any balance remained after applying the $750, it was for usurious interest. That the matter rested in this condition until after the war, when he proposed to pay Gordon what was then due, in horses or property, as he had no money. When witness applied for discharge in bankruptcy, the claim of Gordon was returned in the schedule. This suit was pending at the time. His attorney, Maney, who is now the attorney for Gordon, told him it would be necessary to return this claim, and he did it.

The defendants assign the following errors, to-wit:

First—The court erred in its charge to the jury, in not presenting the question of usury.

Second—The court erred in overruling the motion for a new trial.

Third—The judgment is contrary to the law and the evidence.

The evidence of Outlaw, the only witness examined in the case, certainly tended to prove the contract usurious; and the court should have instructed the jury, that, if from the evidence they found such to have been the fact, that no interest could be collected on the note; and there was error in not giving this instruction. The contract should have been purged of all usurious interest; and if found to be usurious no interest could be recovered. (Paschal's Digest, article 3942.)

The judgment of the district court is reversed and the cause remanded.

                              Reversed and remanded.