COTTON STATES BUILDING COMPANY v. J. B. PEIGHTAL AND WIFE.

Decided March 15, 1902.

**1.—Usury—Penalty—Payment of Principal Debt.**

A charge is error which allows a party to recover the penalty for all usurious interest paid, although the principal debt is unpaid, since the principal sum due must be paid before the debtor can recover the penalty denounced by the statute.

**2.—Same—Loan Association Contract—Burden of Proof.**

Where the contract sued on was valid on its face and made defendant a stockholder in and a borrower from the plaintiff building and loan association, and defendant alleged that the contract was but a scheme to cover usury and the transaction purely a loan, the burden of proof upon this issue was on him.

Appeal from Lamar. Tried below before Hon. V. W. Hale, Special Judge.

*Moore, Park & Birmingham,* for appellant.

*Lightfoot, Long & Wortham,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—Appellant, Cotton States Building Company, brought this suit in the District Court of Lamar County, Texas, against J. B. and Nettie Peightal, for an amount alleged to be due it for the construction of certain improvements on a lot in Ennis, Texas, owned by them, and praying for a foreclosure of a contract and mechanics lien on said lot and improvements.

Appellant alleged that it was a mutual building and loan association, incorporated under the laws of Texas, and that by the by-laws made for the government of its affairs it was provided that any person might become a shareholder in the same by complying with the by-laws governing the issuance of shares, and all of the holders of shares in said company should be entitled to a loan of $50 on each share held by him, such loan to be secured by a first lien of real estate. That it was further provided that if any shareholder should fail to pay the interest on his loan, his regular monthly installments for three months, or in any way fail to comply with his contract, the company might compel the payment of principal, interest, and dues by proceeding to foreclose the lien or other securities which should at once become due and payable.

Appellant alleged further that Nettie Peightal, being the owner of ten shares of August 5, 1892, series, and being desirous of erecting certain improvements on a lot owned by her in Ennis, Texas, made and

entered into a contract with appellant to construct the same, by the terms of which appellant agreed to cause said improvements to be made, and appellees promised to pay therefor the sum of $500 upon the maturity of said shares in said company, and further agreed to pay the sum of $3.50 per month on their ten shares in said company, and $4.16 2-3 per month as interest on said $500 on the 5th day of each month.

Appellant alleged that it had constructed the house and improvements according to contract and that appellees had failed and refused for more than three months to pay the monthly interest and dues.

Appellees, defendants in the court below, filed a general denial, and by special answer plead under oath usury, setting up that the contract sued on was gotten up as a scheme and a device to cover up usury and to exact a higher rate of interest than allowed by law, and did have such effect. That as an inducement to defendants to enter into the contract, plaintiff held out to them through its agents and printed circulars that by taking ten shares of stock they could borrow $500 with which to buy a home; that the stock was necessary to obtain the loan, but that every monthly payment on the stock would reduce the principal of the debt each month; that no loan could or would extend beyond six years, and that then the debt would be paid. Induced by such promises and agreements, they entered into the contract to pay $500, secured it by a lien on their homestead, and as a part of the same transaction subscribed for ten shares of stock, which stock remained in their possession only long enough to be retransferred and returned to plaintiff, where it had been since. Defendants did not want any investment in stock, but took same to obtain the loan and because the loan could not be gotten otherwise, and that the contract was a loan contract purely and so known and understood by plaintiff, that the contract was entered into September 26, 1892, while defendants were compelled to pay on August 5, 1892, $21 and $11, and on September 5, 1892, $7.70, and a like sum regularly on the 5th day of each succeeding month; that these payments were entered by plaintiff in a book furnished by it and it applied $4.20 on the interest and $3.50 on the stock. That plaintiff failed and refused to apply payments on stock to reduction of principal debt as had been agreed, but demanded same amount of interest on last month as on first, and during said seven years plaintiff demanded and collected more than 10 per cent per annum interest on its loan, having collected the total sum of $650.10.

Appellant filed supplemental petition, denying the charge that the contract was usurious or was a scheme to cover up usury, and pleading limitation as to recovery of a penalty for recovering usurious interest, to which pleading appellees replied by supplemental answer.

A trial was had before a jury and resulted in a verdict for appellees for $100, whereupon the court entered a judgment in favor of appellees against appellant for $100 and canceling the mechanic's lien, and for all costs of suit. Appellant moved for a new trial, which was overruled;

gave notice of appeal, filed an appeal bond, assigned errors, and now brings the case to this court for revision of errors.

1.   Appellant's third assignment of error complains of the following charge: "If you believe from the evidence adduced that the contract sued on was obtained by a false or fraudulent scheme or device for the purpose of evading the usury law on the part of the plaintiff, its officers or agents, which induced defendants to enter into the contract, and that more than 10 per cent per annum was charged as interest for the use of loaned money, it would usurious, and the defendants would be entitled to recover from plaintiff double the amount of the whole sum of money paid on interest; and in that event you will ascertain from the evidence what amount of money (if any) has been paid as interest by defendants to plaintiff and double the amount so ascertained, to which you will add all the payments made on said debt (if any) by defendants to plaintiff on the original debt, other than interest paid, and add these several items together, and give the defendants credit for the combined amount, if it is less than the amount due to plaintiff, return a verdict in favor of plaintiff for the amount of difference; but if the amount you find the defendant is entitled to credit for, as above stated, exceeds the amount due to the plaintiff on the contract sued on, you will return a verdict for the defendants for the difference." This charge is error.   It allows the defendants to recover the penalty for all usurious interest paid, although the principal debt due by them to plaintiff was unpaid.   Where usurious interest is paid by a debtor it will be applied, first, to the extinguishment of the principal sum due, and this sum must be paid before the debtor can recover the penalty denounced by statute. Loan Assn. v. Biering, 86 Texas, 476.   Defendants were entitled to recover the penalty stipulated by statute on all usurious interest paid in excess of the principal debt owed by them to the loan company.

2.   Complaint is made of the first clause of the charge, in that it does not conform to the issues raised by the pleadings and proof.   Upon the face of the contract sued upon, the defendants occupied the dual relation to the company of shareholder and of borrower.   These relations are not inconsistent, and if the contract is what it purported to be on its face, the obligations should be enforced.   Defendants, however, alleged that the contract was but a scheme or device to cover up usury, and that in truth the contract was purely a loan to her by the company, and was so understood by it.   The charge should have presented the issues made by the pleadings upon which evidence had been introduced. The issue as to whether the contract was a scheme or device to cover up a usurious transaction should have been clearly presented to the jury.   Upon this issue the burden of proof was upon the defendants, and the jury should have been so instructed.

For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*