RAYMOND v. HEMPLE.

(Third Division.   Valdez.   January 4, 1905.)

No. 93.

1. INTEREST—STATUTES CONSTRUED—RATE ALLOWED.
    Section 255 of the Civil Code of Alaska, fixing the rate of
    interest which may be agreed on, construed.   *Held*, the words
    "per annum" are understood according to standard rules of
    grammar; that the section is not ambiguous.

2. USURY—INTEREST—STATUTES CONSTRUED—AMOUNT RECOVERABLE.
    The Alaska usury law was adopted from Texas, and, follow-
    ing the decisions of the courts of that state, *held*, that one
    who is compelled to pay usurious interest may recover double
    all the interest paid as damages by civil suit.

    [Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Usury,
    § 258.]

Ostrander & Donohoe, for plaintiff.
Brown & Smith, for defendant.

WICKERSHAM, District Judge.  It will not be necessary to
review the evidence in detail.   Defendant's cashier, Adams,
admits that the rate of interest actually charged and collected
on the notes was 2 per cent. per month; and the final con-
tract, by which plaintiff was given an option to recover her
property, included a sum equal to 2 per cent. per month on
all the notes to the date of the final contract.   While the notes
on their face only draw 12 per cent. per annum, the evidence
is clear and convincing that the defendant actually extorted 24
per centum per annum.

Counsel for defendant urge that section 255 of the Civil
Code of Alaska, fixing the legal rate of interest, is void be-
cause the last sentence therein does not specify that the rate is
"per annum" or otherwise.   The section reads:

"Sec. 255.  The rate of interest in the district shall be eight per
centum per annum, and no more, on all moneys after the same be-

come due; on judgments and decrees for the payment of money; on money received to the use of another and retained beyond a reasonable time without the owner's consent, expressed or implied, or on money due upon the settlement of matured accounts from the date the balance is ascertained; on money due or to become due where there is a contract to pay interest and no rate specified. But on contracts, interest at the rate of twelve per centum may be charged by express agreement of the parties, and no more."

The contention of defendant's counsel is that, because this last sentence does not declare that the "twelve per centum" is "per annum," it is void for indefiniteness. I cannot agree with this argument. Grammatically, the last sentence should be read as a part of the first; it is joined thereto by a conjunction, and refers to the subject-matter thereof. The words "per annum" are understood, though not repeated in the last sentence, according to well-established rules of English grammar. There is no ambiguity in the section; it does not need to be construed by the court to be understood with the meaning which Congress intended it to have, or to effect its purpose.

Section 257, inflicting a forfeiture upon the usurer of double the interest paid, is adopted from Texas, the courts of which state had, prior to its adoption by Congress, construed it to mean that double all the interest paid should be recovered from one who extorts any usurious interest. Fish v. Hemple, supra, p. 175. Judgment for plaintiff, as demanded.