WERNER et al. v. LORENTZEN.

(Third Division. Fairbanks. April 18, 1907.)

No. 650.

1. USURY (§ 15*)—PAYMENT—EXCESSIVE INTEREST.

Interest cannot be said to have been "collected or received" in excess of what may be lawfully collected or received until the lender has in fact, after giving credit for all payments, collected or received more than the sum loaned, with lawful interest.

[Ed. Note.—For other cases, see Usury, Cent. Dig. § 28; Dec. Dig. § 15.*]

2. USURY (§ 137*)—PENALTY—ACTION TO RECOVER.

The lender is not liable to an action for the recovery of the usury penalty prescribed by section 257 of the Civil Code of Alaska, so long as the principal debt, with legal interest thereon, after deducting all payments, is unpaid. Until these facts are affirmatively alleged in the complaint, demurrer lies.

[Ed. Note.—For other cases, see Usury, Cent. Dig. § 421; Dec. Dig. § 137.*]

This matter comes before the court on defendant's demurrer to the amended complaint. The action was commenced December 22, 1906, under section 257, c. 27, of the Civil Code of Alaska (31 Stat. c. 786, p. 533). The allegations of the amended complaint, briefly stated, are that on October 2, 1905, plaintiffs made and delivered to defendant their certain promissory note for $2,500, with interest after maturity at the rate of 12 per cent. per annum; that at the same time it was contracted and agreed between the parties that plaintiffs should pay and defendant should receive interest on the said note until its maturity at the rate of 36 per cent. per annum; that in pursuance thereof 12 notes, each for $75, dated October 2, 1905, and payable, respectively, on the 1st day of each of the succeeding 12 months were made and delivered by plain-

tiffs to defendant; that said notes were given as interest notes on the said $2,500, each such note being for one month's interest at the rate of 36 per cent. per annum; and that such rate is illegal and usurious. Then follow separate allegations as to the payment of the first seven of the interest notes; that each of said seven notes was paid by plaintiffs, and payment thereof received by defendant, as such interest at the rate of 36 per cent. per annum, and that defendant expressly appropriated each payment to the discharge of said usurious interest; that the sum of $525 has thus been paid as interest, and that said interest was at a usurious rate; and that this action is brought within two years from such payment. The prayer is for judgment in the sum of $1,050, which is twice the amount of interest so paid.

Claypool, Kellum & Cowles, for plaintiffs.
Louis K. Pratt, for defendant.

GUNNISON, District Judge. The ground of the demurrer is that the complaint fails to state facts sufficient to constitute a cause of action. Defendant urges that, since plaintiffs have failed to set up payment or tender of the principal sum and interest, it must be presumed that there has been no such payment or tender, and that until payment in excess of the principal sum, with legal interest, has been made, there can be no usury, and that, while there remains unpaid any balance upon either principal or legal interest, the doctrine of locus pœnitentiæ may be invoked, so that any or all payments may be appropriated to the principal sum and legal interest, thereby purging the transaction of usury.

Plaintiffs contend that the appropriation of the payments in the case at bar was specifically directed to the usurious interest by agreement and act of the parties, and that, since the payments in question were made by plaintiffs and received by defendant and applied as usurious interest, the

latter cannot now be heard to say that she has appropriated them otherwise.

Counsel quote freely from decisions construing the national banking act, seeming to lose sight of the fact that it is under the Alaska usury statute, and not the national banking act, that this demurrer must be decided.

Section 257, c. 27, Civ. Code Alaska, provides:

"Sec. 257. If usurious interest, as defined in the preceding sections, shall hereafter be received or collected, the person or persons paying the same or their legal representatives may, by action brought in any court of competent jurisdiction, within two years after such payment, recover from the person, firm or corporation receiving the same double the amount of the interest so received or collected."

But what is "usurious interest," as defined in the preceding section? To answer this inquiry sections 255 and 256 must be consulted. The latter declares:

"Sec. 256. No person shall directly or indirectly receive in money, goods or things in action, or in any other manner, any greater sum or value for the loan or use of money or upon contract founded upon any bargain, sale or loan of wares, merchandise, goods, chattels, lands and tenements, than in this chapter provided."

And in section 255 it is laid down that the rate of interest in the district of Alaska shall be 8 per cent. per annum, and no more, on all moneys after the same become due. But it also provides that by express agreement between the parties the rate of interest may be 12 per cent. per annum, and no more. Consequently interest at a greater rate than 12 per cent. per annum is usurious, and its collection or receipt prohibited under the penalty provided for in section 257.

But it is only when interest at a higher rate than 12 per cent.—that is, usurious interest—has been "received or collected" that an action may be maintained to recover this penalty. Defendant contends that in the case at bar "usurious interest" cannot be said to have been "received or col-

lected." It is essential, therefore, to settle the meaning of the words "received or collected," as used in this section.

The Supreme Court of the United States, in affirming a decision of the Supreme Court of the territory of New Mexico, arising under the usury statute of New Mexico, where the identical language is used, interpreted it in the following manner:

"Interest cannot be said to have been 'collected or received' in excess of what may be lawfully 'collected or received' until the lender has in fact, after giving credit for all payments, collected or received more than the sum loaned with lawful interest." McBroom v. Scottish Mortgage & Land Invest. Co., 153 U. S. 319, 14 Sup. Ct. 852, 38 L. Ed. 729.

When usurious interest has been collected or received, under section 257, supra, the person or persons paying the same may by an action recover twice the amount thereof. Congress adopted this section from the statutes of Texas. Rev. St. Tex. 1895, art. 3106; Fish v. Hemple, 2 Alaska, 175; Raymond v. Hemple, 2 Alaska, 343.

The decisions of the courts of Texas should furnish enlightenment as to when the action there provided for will lie. Unfortunately, the Texas Reports are not at hand; but in a note the rule laid down in that state seems to be that, before suit for the penalty can be maintained under this section, the debtor must have paid the principal sum." Enc. Pl. & Pr. Supp. vol. 3, 1094, note 3, citing Cotton States Bldg. Co. v. Peightal, 28 Tex. Civ. App. 575, 67 S. W. 524. Vide Rosetti v. Lozano, 96 Tex. 57, 70 S. W. 204.

The Supreme Court of the United States, in the case of McBroom v. Scottish Mortgage & Land Investment Co., supra, has also declared the same rule:

"The question arises whether the lender is liable to an action for the penalty prescribed by the statute so long as the principal debt, with legal interest thereon, after deducting all payments, is unpaid.

We are of the opinion that this question must be answered in the negative."

See, also, Scottish Mort. & L. Inv. Co. v. McBroom, 6 N. M. 573, 30 Pac. 859; First National Bank v. Childs, 130 Mass. 519, 39 Am. Dec. 476; 27 Am. & E. Enc. (1st Ed.) 961.

Not only does such interpretation of section 257 appear to be the correct one from the authorities, but the dictates of common sense and public policy as well support it. For surely Congress could not have intended that a person might borrow money, readily agreeing, nay even, without solicitation, offering to pay therefor usurious interest, then, having paid usurious interest equal to half or even the whole loan obtained, refuse further payment of any character and bring suit for this penalty, recovering twice the amount so paid. By enforcing against the lender a judgment so obtained, the borrower might profit by an amount equal to the original loan.

On grounds of public policy alone, were it not for the authoritative enunciation by the Supreme Court of the United States, the interpretation must be that, before an action may be maintained under this provision of the Alaska Code, the debtor must have actually paid an amount in excess of the principal and legal interest. Therefore, until this affirmatively appears in the complaint, it is the opinion of the court that this pleading fails to state a cause of action. As no such allegation appears here, the demurrer should be sustained.

Let an order enter in conformity herewith.