## ORR v. McDANIEL et ux.
### No. 3249.

Court of Civil Appeals of Texas. Amarillo.
June 5, 1929.

Rehearing Denied June 26, 1929.

Bean & Klett, of Lubbock, for appellant.

Bledsoe, Crenshaw & Dupree, of Lubbock, for appellees.

JACKSON, J.

The plaintiffs, L. A. McDaniel and his wife, Ava McDaniel, in a suit in the district court of Lubbock county, Tex., recovered a judgment against the defendant, G. H. Orr, for the sum of $612, based on their contention that the defendant had collected, on a loan which he made to them, the sum of $250, more than 10 per cent. interest for the use of the money.

This is the second appeal in this case, and, for a statement of the pleadings, we refer to the opinion of Judge Randolph in the former appeal, 5 S.W.(2d) 175, 178, in which a judgment for the plaintiffs was reversed and the cause remanded because of the error of the court in directing the jury to find a verdict for the plaintiffs.

The case was again tried in the district court of Lubbock county, and, in response to the only issue submitted by the court, the jury found that the plaintiffs paid the defendant the $250 as interest.

On this finding the court rendered judgment that the plaintiffs have and recover from the defendant the sum of $612, which is double the amount of the interest paid by the plaintiffs to the defendant. From this judgment this appeal is prosecuted.

The appellant urges as error the action of the trial court in rendering judgment against him, because the finding of the jury that the appellees paid the $250 to the appellant as interest is not sufficient to authorize the judgment against him, because there is no finding of the jury of fraud and no finding of the jury that appellant intended to charge usurious interest, and that the contract upon which appellees' suit is based was a scheme or device to cover such intention of appellant.

The appellees alleged that the contract was drawn and written at the instance of the appellant for the fraudulent and illegal purpose of concealing the fact that he was charging appellees a usurious rate of interest.

The appellant alleged and offered testimony tending to prove that the $250 was not charged as interest, but was for the risk assumed by appellant in becoming a party to the mechanic's lien contract and for the services he rendered to appellees in connection with the building of the house.

In the opinion of this court on the former appeal, it is said:

"If the $250 received by defendant was, in good faith, intended as compensation for his services in paying for the labor and paying the bills for material, or as compensation for securing the loan for the plaintiff, and was not, in fact, compensation for the use of the money, the receipt of the $250 by the defendant would not, under those circumstances, constitute usury. This presented a question of fact which should have been submitted to the jury. It is evident that the court was convinced of the falsity of the defense to the charge of usury, but, as a jury had been sworn to try the issues of fact, it was a question for them to determine. Sugg v. Smith (Tex. Civ. App.) 205 S. W. 363–374; Bomar v. Smith (Tex. Civ. App.) 195 S. W. 964–971; Slaughter Co. v. Eller (Tex. Civ. App.) 196 S. W. 704.

"The contract not showing usury on its face, the question of whether or not the transaction was intended as an evasion of the law on usury was one for the jury. Andrews v. Hoxie, 5 Tex. 171; Mitchell v. Napier, 22 Tex. 120; Sheffield v. Gordon, 34 Tex. 530; Investment Co. v. Grymes (Tex. Civ. App.) 50 S. W. 467; Cotton v. Cooper (Tex. Civ. App.) 160 S. W. 597."

"Unlawful intent, essential.—It is of the essence of an usurious transaction that there should have been an unlawful and corrupt intent on the part of the lender to violate the law. The question of intent may be one of law but is usually for the jury to determine from the stipulations of the contract, the at-

tendant circumstances and subsequent acts of the parties; such as the situation and object of the parties at the time of the loan, the character of the funds and use to be made of them, the time, place and manner of repayment. Whether the question of intent be of law or fact, depends exclusively upon whether usury appears upon the face of the transaction. * * * Where, indeed, the contract, upon its very face, imports usury, as by an express reservation of more than legal interest, there is no room for presumption, for the intent is apparent; res ipsa loquitur. But where the contract on its face is for legal interest only, it must be proved, that there was some corrupt agreement, or device or shift to cover usury; and that it was in full contemplation of the parties." Webb on Usury, pp. 33–34, § 33.

"The issue as to whether the contract was a scheme or device to cover up a usurious transaction should have been clearly presented to the jury. Upon this issue the burden of proof was upon the defendants, and the jury should have been so instructed." Cotton States Building Co. v. Peightal et ux., 28 Tex. Civ. App. 575, 67 S. W. 524, 525.

In the case of C. C. Slaughter & Co. v. Eller et al. 196 S. W. 704, 708, Judge Boyce, speaking for this court, quotes with approval from Bank of U. S. v. Waggener, 9 Pet. 378, 9 L. Ed. 171, the following language: "The uniform construction in England has been, and it is equally applicable here, that to constitute usury, within the prohibitions of the law, there must be an intention knowingly to contract for or to take usurious interest; or if neither party intend it, but act bona fide and innocently, the law will not infer a corrupt agreement. Where, indeed, the contract, upon its very face, imports usury, as by an express reservation of more than legal interest, there is no room for presumption, for the intent is apparent; res ipsa loquitur. But where the contract on its face is for legal interest only, there it must be proved, that there was some corrupt agreement, or device or shift, to cover usury, and that it was in the full contemplation of the parties."

In the same case, Judge Boyce quotes with approval from Cyc. vol. 39, p. 971, the following: "Nor will a collateral transaction between the borrower and lender, whereby the lender may take profit, render the loan usurious when such transaction was entered into in good faith and without usurious intent."

He further says: "The borrower might legitimately agree to compensate the lender for services * * * provided always that such charges are not made a mask behind which to conceal the true purpose of the parties."

In Mitchell v. Napier, 22 Tex. 120, the Supreme Court of this state says: "It is quite immaterial, in what manner or form, or under what pretense it is cloaked, if the intention was, to reserve a greater rate of interest than the law allows for the use of money, it will vitiate the contract with a taint of usury. Whether the transaction was so intended, where upon its face, it does not appear to be usurious, is a question of intention for the decision of the jury."

"Where the transaction disclosed by the evidence is per se usurious, the court is authorized to charge the jury to that effect. If, however, there is doubt as to whether the transaction is a cover for usury, or a perfectly fair one authorized by law, then it is a question for the jury to determine, from all the facts and circumstances of the case, whether the transaction disclosed is bona fide, in the ordinary course of business, free from the taint of usury, or whether it was a mere cloak and device, under the form of an ordinary business transaction, to obtain more than legal interest." Peightal et al. v. Cotton States Building Co., 25 Tex. Civ. App. 390, 61 S. W. 428, 431.

The finding of the jury that appellees paid the $250 to appellant as interest does not, in our opinion, under this record, include the proposition that appellant collected the money as interest, nor is it sufficient to authorize the court to conclude as a matter of law that there was an unlawful and corrupt intent on the part of appellant to violate the law.

Under these authorities, appellees were required to plead and prove that the intention of appellant was to charge and collect usurious interest in the transaction between him and appellees. The issue submitted by the court not being sufficient, in our opinion, to establish the usurious intent of appellant, and no issue having been submitted or requested covering this issue, appellant's assignment must be sustained. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

The appellees contend that this issue must be deemed to have been found by the court in favor of their judgment, since no objection to the court's charge was made by appellant and no request by appellant for the submission of such issue.

This contention is not tenable, for the burden of proof was on appellees to establish the intention of appellant to charge usurious interest, and, having failed to have such issue submitted, they waived a material issue to their recovery. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, and authorities cited.

The judgment is reversed, and the cause remanded.