WADE C. MOSELEY AND ANOTHER V. SILAS SMITH.

Where a suit is instituted on a note usurious upon its face, and there is default. by the maker, the contract and rights under it are submitted to the Court, it is proper to render judgment only for the principal, the contract for the whole premium or rate of interest being void under our Statute.

If in such case the defendant appear and expressly waive the defence of usury, or waive it by implication, setting up other matters, and defends on other grounds, judgment may be rendered for the whole amount, and the defendant not be entitled to relief.

Error from Upshur. Tried below before Hon. C. A. Frazer. To the judgment below both parties prosecuted writs of error. The facts are contained in the Opinion.

*C. C. Galloway*, for plaintiff in error, contended that usury must be pleaded. (1 Saunder's Rep. 295, and note ; 1 Chitty's Plead. 484, 743 ; 2 Johnson's Chancery Rep. 555, 560; Thomas v. Berry & Van Buren, 3 Johnson's Chancery Rep. 395 ; Jackson v. Henry, 10 Johnson's N. Y. Rep. 188, 189 ; Usury a Personal Privilege, 22 Ala. Rep. 262, 273 ; Cook & Kornegay v. Dyer, 3 Ala. Rep. 643 ; 10 Ala. Rep. 579, 595 ; 2 Saunders' Plead. & Ev., part 2, 1181–2.)

HEMPHILL, CH. J. The suit is on a contract for the loan of money with interest at five per cent. per month.

The defendants made default, and judgment being given for only the principal sum loaned, the plaintiff, in a well prepared brief, insists that the usury not being set up as a defence, he was entitled to judgment for the whole interest as fixed by the agreement.

Several authorities are cited, which give some countenance to the position, but we do not deem it necessary to refer to, or review them, or to examine the distinctions allowed in this matter of pleading between action of assumpsit and those of debt on specialties—the plea of usury being required in the latter, but not in the former, until after the adoption of the new rules of pleadings in the English Courts.

It is stated by Chitty on Contracts, that usury must be pleaded, and will not be noticed on demurrer to the declaration which sets out the contract, referring, among others, to Ferguson v. Spann, in 1 Adol. & Ellis, 576, 578. But that case shows that upon the face of the contract it was doubtful whether there was usury, and the Court would not hold it usurious, though upon an issue the usury might have been found by a jury. The case does not support the inference of this author. It appears, on the contrary, that the Court will notice usury on demurrer when it appears on the face of the instrument.

Courts have sometimes been in the practice of decrying certain Statutes as scarcely consistent with honesty or good morals, and have treated defences under them with disfavor, as being hard and unreasonable. Usury Laws, and the Statutes of Limitation, have been especially the subjects of reprobation. But these assumptions of the Judiciary are beginning to be discountenanced, and with reference to our Statute regulating interest, we have said in substance, that it is our duty to carry out the intention of the Legislature, and to effectuate the object and policies of the Law. (Spann v. Sterns, 18 Tex. R. 570.) The Statute, (Art. 1609,) declares that all contracts stipulating for a greater rate of interest than twelve per cent. per annum shall be void for the whole premium or rate of interest. This contract is in effect for sixty per cent., and is void under the law for the interest. The defendant, by his default, submits the contract and his rights under it to the Court, and the contract being plainly void on its face, in part,

must be so declared and adjudged by the Court. Had the defendant appeared and expressly waived the defence of usury, or waived it by implication, setting up other matters, and defending himself on other grounds, the Court might have been authorised to render judgment for the whole amount, and the defendant might not have been entitled to relief But the matter being in effect submitted to the Court, we are of opinion that there was no error in refusing to enter judgment on a contract which on its face was, as to the interest, void under the Statute.

The writ of error sued out by the defendant having been for delay, it is ordered that judgment be affirmed with damages.

Affirmed with damages.