JOHN H. HARRISON v. STATE CENTRAL BANK.

(No. 2801, Op. Book No. 4.)

APPEAL from McLennan County. Opinion by WILL-SON, J.

§ 375. *Usury; plea of, and waiver of.* A party wishing to avail himself of the defense of usury in a contract, can only do so by pleading it specially in a plea verified by his affidavit. [Rev. Stats. arts. 2981, 1265.] This defense is a personal privilege which may be waived; and where a party who is entitled to set it up does not do so, but appears and answers by pleading other matters of defense, it is an implied waiver on his part of the defense of usury, and the usurious nature of the contract will not be considered, even when it is apparent upon the face of the contract. [Moseley v. Smith, 21 Tex. 441; 7 Wait's Act. & Def. 624, sec. 16, 628, sec. 17; Tyler on Usury, 458 et seq.]

§ 376. *Judgment for more than the legal rate of interest.* It was error in the court below to make the judgment bear interest at the rate of two per cent. per month as stipulated in the contract, this being a greater rate of interest than is allowed by law. [Rev. Stats. art. 2980.] But this error can be cured by filing in this court a *remittitur* of the excessive interest.

§ 377. *Account books as evidence.* Where H. swore positively to a payment for which he had never received credit, which evidence was only met by Rogers' books, which showed no entry of the transaction, Rogers

himself knowing nothing about the payment; and it was in proof that Rogers' bookkeeper, who was dead, was addicted to the use of morphine and chloroform; that mistakes in said books had been discovered and admitted to be mistakes by Rogers, *held*, that the proof failed to show that the books were correctly kept, and, in the absence of other evidence establishing their correctness, should not be regarded as evidence.

June 2, 1883.                    Reversed and remanded.