### D. A. SMITH ET AL. V. JOHN B. CHILTON.

Decided February 25, 1897.

Usury—Penalty.

Under Rev. Stats., Texas, art. 3106, one who has paid usurious interest can recover, in an action commenced within two years, double the whole amount of interest paid, and is not restricted to a recovery of double the amount paid in excess of the legal rate.

QUESTION CERTIFIED from Court of Civil Appeals, Second District, in an appeal from District Court of Comanche County.

*J. P. Graham* and *Jenkins & McCartney,* for appellant.—The amount of the statutory penalty for taking usurious interest is double the entire amount of interest paid.   Bank v. Alves (Ky.), 15 S. W. Rep., 132; Bank v. Dollong (Neb.), 45 N. W. Rep., 164; Hill v. Bank, 15 Fed. Rep., 432; Bank v. Trimble, 40 Ohio St., 629; Barnett v. Bank, 98 U. S., 555; Gruber v. Bank, 87 Pa. St., 465; Crocker v. Bank, 4 Dill., 358, 1 Nat. Bank Cases, 317; Bank v. Davis, 8 Biss., 100, 1 Nat. Bank Cases, 350; Bank v. Karmany, 98 Pa. St., 65, 3 Nat. Bank Cases, 746.

*Lindsey & Goodson,* for appellee.—Under the Usury Statute of 1892 a party suing under the penalty clause for the recovery of usury theretofore paid is only entitled to recover double the excess paid over the highest legal rate of interest.   Ten per cent being the highest legal rate, the appellants were only entitled to recover double the excess over ten per cent per annum, and therefore the judgment of the court was proper. Bank v. Dearing, 91 U. S., 29; Bobo v. Bank, 21 S. W. Rep., 889; Smith v. Stevens, 81 Texas, 461; Loan Association v. Robinson, 78 Texas, 163; Garza v. Sullivan, 30 S. W. Rep., 240; Hintermister v. Bank, 64 N. Y., 212.

DENMAN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for Second Supreme Judicial District have certified to us the following question: "Whether in a suit to recover the penalty provided in Article 3106 of the Revised Statutes of Texas for taking usurious interest the party suing is entitled to recover double the whole amount of interest so received, or only double the excess above what might lawfully have been contracted for and received." The section of the statute referred to was first enacted in this State in 1892 and is as follows: "If usurious interest, as defined by the preceding articles, shall hereafter be received or collected, the person or persons paying the same, or their legal representatives, may by action of debt, instituted in any court of this State having jurisdiction thereof, within two years after such payment, recover from the person, firm or corporation receiving the same, double the amount of the interest so received or collected." It seems to be substantially the same as that portion of section 5198 of the Revised Statutes of the United States relating to the same subject matter, which has been this day construed by this court in Boerner v. Traders' National Bank, and we think it should have the same construction as there given to the Act of Congress. Therefore, in answer to the question certified, we hold that "the party suing is entitled to recover double the whole amount of interest so received."