FISH v. HEMPLE.

(Third Division. Valdez. December 29, 1903.)

1. STATUTES—CONSTRUCTION—STATUTES ADOPTED FROM OTHER STATES
—USURY—INTEREST.

Section 257, Civ. Code Alaska, was adopted by Congress from Texas, and a construction thereof by the courts of that state prior to its transfer to the Code of Alaska must have been in the mind of Congress, and must be in the highest degree advisory to this court in its construction of the same statute.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Statutes, § 307.]

2. USURY—INTEREST—PENALTY.

Where one exacts usurious interest in Alaska, and is sued under section 257, Civ. Code, to recover the damages therefor, the plaintiff is entitled to recover double the whole amount of interest paid, and not merely double the amount of the excess or usurious interest.

[Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Usury, § 424.]

This is a suit to recover double the amount of usurious interest paid by the plaintiff to the defendant, under the provisions of section 257 of the Civil Code of Alaska. Upon the trial the court instructed the jury, in effect, that the plaintiff was entitled to recover double the amount of all the interest paid, if they found from the evidence that any portion thereof was usurious. The jury found for the plaintiff, and defendant, upon a motion for a new trial, assigns this instruction of the court as error.

Goodell & Edwards, for plaintiff.

Leedy & Kelsey and Edmund Smith, for defendant.

WICKERSHAM, District Judge. Section 257 of the Civil Code of Alaska, fixing the rule in damages in a suit to recover usurious interest paid, is adopted from Texas, and is, practi-

cally, a copy of article 3106 of the Revised Statutes of Texas: of 1895. It was adopted by Congress as the law of Alaska in 1900, and a construction of its terms by the highest courts of that state prior to that date must have been in the mind of Congress at the time of its adoption, and must be in the same terms. James v. Appel, 192 U. S. 129, 24 Sup. Ct. 222, 48 L. Ed. 377.

The very question presented in this case was passed upon by the Supreme Court of Texas on February 25, 1897, in the case of Smith v. Chilton, 90 Tex. 447, 39 S. W. 287, where the court said:

"The Court of Civil Appeals for the Second Supreme Judicial District have certified to us the following question: 'Whether in a suit to recover the penalty provided in article 3106 of the Revised Statutes of Texas for taking usurious interest the party suing is entitled to recover double the whole amount of interest so received, or only double the excess above what might lawfully have been contracted for and received.' The section of the statute referred to was first enacted in this state in 1892, and is as follows: 'If usurious interest, as defined by the preceding articles, shall hereafter be received or collected, the person or persons paying the same, or their legal representatives, may by action of debt, instituted in any court of this state having jurisdiction thereof, within two years after such payment, recover from the person, firm or corporation receiving the same, double the amount of the interest so received or collected.' It seems to be substantially the same as that portion of section 5198 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 3493] relating to the same subject-matter, which has been this day construed by this court in Boerner v. Traders' National Bank, and we think it should have the same construction as there given to the act of Congress. Therefore, in answer to the question certified, we hold that 'the party suing is entitled to recover double the whole amount of interest so received.'" Smith v. Chilton, 90 Tex. 447, 39 S. W. 287; Boerner v. Traders' National Bank, 90 Tex. 443, 39 S. W. 235; Second National Bank v. Fitzpatrick (Ky.) 63 S. W. 459, 62 L. R. A. 599.

Upon the authority of these cases, this court holds that plaintiff is entitled to recover double the amount of the whole

interest paid, and not merely double the amount of the excess or usurious interest. The motion for new trial is denied upon all grounds.