[8224] Writ of error denied by Supreme Court.
The appellants, for error, contend that the court erred in denying them a recovery for double the amount of the usurious interest found to have been paid as usurious interest upon the ground that the right to the penalty could not legally attach and exist until the entire principal of the debt upon which they paid usurious interest was paid. As seen, the court concluded, as a matter of law, that the right to the penalty did not exist until the entire debt was paid, and denied the recovery for that reason. The court made the finding, "I find at the time said loan was made, to wit, on or about the 11th day of April, 1907, the plaintiffs paid to the said Thomas F. Shelton interest on said loan, in advance, at the rate of 12 per cent. per annum — that is to say, the sum of $440 — as interest upon said note until maturity; and I further find that when said note became due, to wit, on the 11th day of January, 1908, the said Thomas F. Shelton agreed to extend its payment for one year, in consideration that the plaintiffs should pay him interest thereon at the rate of 12 per cent. per annum for that year, which they did, paying him the sum of $660 as interest. I find that the interest paid on the dates aforesaid upon said loan amounts *Page 304 
in the aggregate to $1,100, and was interest paid at the rate of 12 per cent. per annum, and was usurious under the laws of the state of Texas." By reference to the record it fully appears that the finding of the court is founded on testimony that is without conflict. It must be taken, therefore, as proven conclusively in the case that appellee actually received, and appropriated, and intended to appropriate, each of the payments made in discharge of the usurious interest, and that appellants agreed and intended that the several payments so made should be applied and appropriated at the time of each payment to the discharge of the usurious interest charged and exacted by appellee. The "usurious interest" of the statute means the whole amount of the interest received, and not the excess above what might lawfully have been received. Smith v. Chilton, 90 Tex. 447, 39 S.W. 287; Baum v. Daniels,118 S.W. 754. The facts being clear that usurious interest was charged and actually paid and received, and intentionally appropriated by the parties at the time of each payment in the discharge of the usurious interest, the right, we think, to the penalty attached, and was recoverable under the statute of this state, though the principal sum lent has not been paid. Article 3106, Rev.St. 1895, as amended by Acts 1907, p. 277; Stout v. Bank, 69 Tex. 384, 8 S.W. 808; Rosetti v. Lozano,96 Tex. 57, 70 S.W. 204. The case of Stout v. Bank, supra, it is true, was to recover the penalty under the federal statute, but in Smith v. Chilton, supra, our Supreme Court remarked that the statute of this state in respect to the penalty was substantially the same as the federal act. And the rule laid down in the Stout Case was followed in the Rosetti Case, supra, when by cross-action the penalty was allowed as a debt. There the recovery was allowed as a debt before the principal debt was actually paid. In the case of Building Co. v. Peightal,28 Tex. Civ. App. 575, 67 S.W. 524, it was decided that a recovery could not be had until the principal sum due was paid, and the case of Association v. Biering, 86 Tex. 476, 25 S.W. 622, 26 S.W. 39, was cited as authority. But in the Rosetti Case, supra, the Supreme Court said, speaking to the rule laid down in the Stout Case, supra, "nothing contrary to this was held in Loan Association v. Biering. The contract and transactions in that case took place before the act of 1892 giving the penalty in question was enacted, and consequently involved no such question as the one before us." But by the further findings of the court it appears that appellee, after the sale of the land under the deed of trust and after crediting the proceeds of the sale on the note, transferred the note to T. H. Leeves, and that Leeves brought suit on the note against appellants to recover the balance due upon the note, and that in that suit appellants interposed the plea of usury, and that on that plea of usury Leeves offered to allow a credit on the principal debt of the amount of the usurious interest, and the court awarded judgment for Leeves for the balance after crediting the entire amount of the usurious interest paid on the principal of the debt sued for by Leeves. The effect of this proceeding upon the right of appellants to collect the penalty against appellee must be considered. In this connection it is stated that the court uses the words "judicial notice" in the findings, but by reference to the record it appears that there was evidence as to all the matters stated except "and upon the same facts." The court states as a fact that he had rendered judgment in that suit for Leeves, allowing a credit of the usurious interest on the balance due. This is taken as testimony and of a fact found by the court's using himself as a witness to the fact. As the proceedings in that suit are in the record by formal introduction in evidence and by proof we consider the facts, and we do not consider the part the court took judicial notice of. And we here make it plain that the court cannot take judicial notice of the record in another case, and it could not be considered without formal introduction in evidence. The People v. De La Guerra, 24 Cal. 73. Referring to the statement of facts it conclusively appears that appellee transferred the note to Leeves "without recourse on me." The note was at the time credited with the proceeds of the sale of the land, which was $3,300. Thus title to the unpaid balance of the debt passed absolutely to Leeves without recourse on appellee. By the record it appears that Leeves brought suit for his debt thus acquired. And it also appears by the record that appellants sued appellee for the penalty in question. The two suits seem to have been filed about the same time, as their file numbers show. At any rate, the appellants' suit was filed on January 9, 1909, and their amended answer in the Leeves suit was filed on January 25, 1910. Appellants made answer to the Leeves suit on the balance of the debt, as follows: "And for special answer in this behalf the defendants say that the note sued on by the plaintiff herein was, and is, usurious for that Thomas F. Shelton, to whom the defendants executed and delivered the said note, and from whom the plaintiff T. H. Leeves acquired the same, long after maturity thereof, unlawfully and wrongfully charged and received from the defendants interest at the rate of 12 per cent. per annum for the loan of $5,500, and charged, exacted, and received from the defendants the sum of $1,100 as interest upon said note for a period of one year and eight months, to wit, from the 1st day of May, 1907, to the 1st day of January, 1909, being $183.34 in excess of the highest rate of interest allowed to be charged and received under the laws of Texas; whereby the defendants say that the said T. P. Shelton, and the *Page 305 
plaintiff, his assignee of said note after maturity thereof, forfeited and lost all right to any interest on the same. Wherefore defendants say that plaintiff ought not to recover anything as interest on the note sued on." The answer, as seen, was simply a plea in bar of the right of Leeves to collect any interest; and the plea, if usury be established, could merely have the effect to limit a recovery by Leeves, who was a purchaser after maturity, to the balance of the principal of the debt due without any interest. The taint of usury forfeits any further interest under the statute, and leaves thereafter the principal of the debt as what is really due and owing the owner of the note. Appellants could not be required to pay more to Leeves than the principal sum owing him. Spann v. Sterns, 18 Tex. 556; Moseley v. Smith, 21 Tex. 441; Sheffield v. Gordon, 34 Tex. 531; Gilder v. Hearne, 79 Tex. 120, 14 S.W. 1031. The plea urged in that case, therefore, being solely that "plaintiff ought not recover anything as interest on the note sued on," there could be presented no question of, or any basis for, allowing the recovery of the usurious interest paid and its application to payment of the principal of the debt as a set-off. There are cases where the pleadings asked that the usurious sums paid be credited on the principal and the court granted such relief, and applied the payments, though made as interest, to the principal sum. But in the absence of such pleading, as here, the court is not warranted in granting that particular relief. Here appellants were willing to allow judgment to Leeves for the balance of the note sued for, and made no objection thereto, and only asked the court that they be not required to pay any "interest on the note sued on." It is permitted by law for them to waive, if they so desire, any credit on the principal, and to rely on not paying any more interest on the debt. Construing the plea in that case, as we do, as seeking an abatement merely in the payment of any interest to Leeves, and no more the cases referred to as allowing credits to the principal for usurious interest paid, on pleadings seeking that relief, would have no application here. It appears, then, that appellants' cause of action against appellee for the penalty was complete before he transferred the note to Leeves, and that they had sued for the penalty before the trial of the Leeves suit. And it appears that Leeves voluntarily allowed a credit in his suit on the debt sued for, to appellants, of the amount of the usurious interest previously paid by appellants to appellee. Could appellee take any benefit from the act of Leeves in allowing a credit on the principal of the note, as against the suit by appellants for the penalty in question? Appellee had parted with the title to the debt without recourse, and was not a party, nor a necessary or proper party, to the Leeves suit. While Leeves, being a purchaser after maturity, could not recover any interest on his debt as against the plea in the case, he would not be responsible for appellee's wrongful act in taking and appropriating usury. And it was proper in that case, as stated, to render judgment only for the principal due. We think the question must be answered that appellee could not be relieved of liability for the penalty by the subsequent voluntary act of Leeves in allowing the credit, which was a gratuity on Leeves' part, nor would the judgment in the Leeves suit be conclusive against a recovery by appellants of the penalty against appellee.
It being conclusively shown that appellants are entitled to recover the penalty sued for, the judgment, we think, must be reversed and here rendered for appellants with all costs, and it is accordingly so ordered.
 On Rehearing.
The Acts of 1907, c. 143, amending article 3106, Rev.St. 1895, was approved April 18, 1907, and took effect 90 days after adjournment of the Legislature; therefore it was not in effect April 11, 1907, the time appellant paid the first item of usurious interest in question. Under the former article in force April 11, 1907, the right to recover the penalty, as distinguished from a recovery merely of usurious interest paid, was limited to usury under a written contract. The undisputed evidence shows that the first amount of $440 interest in question was paid under an oral agreement between the parties, and hence that item should not here be allowed, and it was error to render judgment for that amount. To this extent the former opinion, and the judgment of this court are modified.
We adhere to the ruling in Baum v. Daniels, supra.
 The motion, except in the respect above, is overruled. *Page 353