### MRS. MARY J. TAYLOR ET AL. v. THOMAS F. SHELTON.

Decided December 15, 1910; January 19, 1911.

**1.—Interest—Usury.**

The "usurious interest" mentioned in the statute (Act of April 18, 1907, Laws 30th Leg., p. 277) means the whole amount of interest received, and not the excess above what might lawfully have been received.

**2.—Same—Payment of Principal.**

Where payments were actually charged and received and intentionally appropriated by the parties at the time of each payment to the discharge of usurious interest, the penalty pronounced by the statute attached and was recoverable, though the principal sum lent had not been paid. Rosetti v. Lozano, 96 Texas, 57, followed. Cotton States Building Co. v. Peightal, 28 Texas Civ. App., 575, disapproved.

**3.—Judicial Notice—Proceedings in Another Suit.**

The court can not take judicial notice of proceedings in another case unless formally introduced in evidence, though such other suit was tried before him and the matter within his personal knowledge.

**4.—Usury—Action for Penalty—Transfer of Note—Action by Assignee— Judgment.**

In an action by the assignee of a note on which the payee had previously collected usurious interest, a plea by the maker which set up that fact merely

as a defense to the right to recover interest did not authorize the court to enforce a credit on the principal sued for of the interest collected by the assignor, or the penalty, in a like amount, for collecting it.

### 5.—Same—Case Stated.

Having collected usurious interest on a note, and also a part of the principal by trustee's sale of property securing it, the payee transferred the note, credited with such payments, without recourse, to another. The payee was sued by the makers for double the amount of the usurious interest he had collected (Act of April 18, 1907, Laws 30th Leg., p. 277). The assignee afterwards sued on the note in the same court. Defendants plead the usurious interest collected by the assignor in bar of the rights of the assignee to collect any interest, not asking credit on the principal against the assignee for the illegal interest and penalty. The assignee consented to and took judgment only for the unpaid principal less the amount of usurious interest collected. Held, that the right of action of the makers to recover upon the statute, from the payee, double amount of interest collected by him, was complete before he assigned the note, and was not lost by the fact that the assignee had gratuitously allowed such credit on the principal for the illegal interest in his recovery on the note. Assigning without recourse, and not being a party to or interested in the result of the suit, his liability in the action against him was not affected by that judgment.

ON REHEARING.

### 6.—Usury—Penalty.

Under Revised Statutes, article 3106, prior to the amendment of April 18, 1907, Laws 30th Legislature, p. 277, the right to recover the penalty, as distinguished from a recovery merely of the usurious interest paid, was limited to usury under a written contract. It did not extend to usurious interest taken under an oral agreement upon a note providing for merely legal interest.

Appeal from the District Court of Bowie County. Tried below before Hon. P. A. Turner.

*Chas. S. Todd* and *J. A. Hurley,* for appellants.—The court erred in his conclusion of law and in rendering judgment in favor of the defendant, because the undisputed evidence and facts found by the court show that Shelton had been fully paid by the sale of the property, and by the sale of the note to Leeves, and the undisputed facts show that he was guilty of usury and had received and collected from the plaintiff $1100 as usurious interest, whereby appellant was entitled to recover from Shelton double the amount as paid as usurious interest. Rev. Stats., art. 3106; Boerne v. Bank, 90 Texas, 443; Smith v. Chilton, 90 Texas, 447; Trabue v. Cook, 124 S. W., 457; Am. B. & L. Assn. v. Daugherty, 27 Texas Civ. App., 430; Sturgis Bank v. Smith, 9 Texas Civ. App., 540; Webb on Usury, secs. 466-523.

The court erred in considering by "judicial notice" the proceedings in another suit in which Leeves as owner of the note sold to him by Shelton sued appellant and Rea and wife to recover the balance due on said note; because this suit was *res inter alias acta;* Shelton was not a party in fact, nor could he be either a necessary or proper party to said suit, nor entitled to any benefit by reason thereof; and because there was no pleading or evidence in this case of said suit or proceeding had therein. People v. De La Guerra, 24 Cal., 73; Lake Merced Water Co. v. Cowles, 31 Cal., 215; Stanley v. McElwreath, 10 L. R. A., 547.

*Hart, Mahaffey & Thomas,* for appellee.—The lower court did not err in rendering judgment in favor of the appellee, for the reasons that, upon the trial it was admitted by the appellants and proved by undisputed testimony, that the appellants are insolvent, and that they had never paid the principal indebtedness evidenced by the note. McBroom v. Scottish Mort. & Inv. Co., 153 U. S., 328; Duncan v. First Nat. Bank, National Bank Cases, 360 and 362; Smith v. Chilton, 90 Texas, 447.

Not having paid the principal indebtedness, appellants have never paid appellee usurious interest; and they have no cause of action to recover of him the penalty denounced by statute until they have shown the payment, not only of the principal sum loaned them, but also, in addition, usurious interest thereon.

LEVY, ASSOCIATE JUSTICE.—The suit is to recover double the amount of $1100 usurious interest paid on money loaned in the sum of $5500. Appellee answered by general denial, and, in bar of recovery, that appellants had not paid, or caused to be paid, the principal of the debt. The trial was to the court, and judgment was rendered in favor of the defendant in the suit.

The following are the findings of fact and conclusions of law made by the trial court:

"I.  I find that heretofore on, or about, the 11th day of April, 1907, the defendant, Thomas F. Shelton, loaned to the plaintiffs, Mary J. Taylor, J. W. Rea and his wife, Mrs. Dora Rea, the sum of $5500, and to secure the payment of said loan the plaintiffs executed and delivered their joint promissory note, payable to the order of the said Thomas F. Shelton, on the first day of January, 1908; said note upon its face providing for the payment of interest after maturity at the rate of 10 per cent per annum, and to secure the payment of the said note the plaintiffs made, executed and delivered to J. L. Penix, as trustee, for the benefit of the said Thomas F. Shelton, the defendant, a deed of trust upon certain lands located in Bowie County, Texas, and in Ward County, Texas, such land being the property of the plaintiffs.

"II.  I find at the time said loan was made, towit, on or about the 11th day of April, 1907, the plaintiffs paid to the said Thomas F. Shelton interest on said loan, in advance, at the rate of 12 per cent per annum,—that is to say—the sum of $440, as interest upon said note until maturity, and I further find that when said note became due, towit, on the 11th day of January, 1908, the said Thomas F. Shelton agreed to extend its payment for one year, in consideration that the plaintiffs should pay him interest thereon at the rate of 12 per cent per annum for that year, which they did, paying him the sum of $660 as interest. I find that the interest paid on the dates aforesaid upon said loan amounts in the aggregate to $1100, and was interest paid at the rate of 12 per cent per annum, and was usurious under the laws of the State of Texas.

"III.  I further find that at the maturity of said note, that is to say—at the end of the period of extension thereon allowed, towit, on the 11th day of January, 1909, the plaintiffs failed to pay the same,

and that J. L. Penix, trustee named in said deed of trust, having refused to act, the said Thomas F. Shelton, as he was authorized to do by the terms of said deed of trust, duly and regularly appointed W. S. Thomas substitute trustee in place and instead of the said J. L. Penix, investing the said W. S. Thomas, as he was authorized to do by the terms of the deed of trust, with all the powers therein granted to the said J. L. Penix, and that thereafter, on the first Tuesday in June, 1909, the said W. S. Thomas, after having duly and legally advertised said lands for sale, sold the same at public vendue at the court-house door in Boston, Bowie County, Texas, and at said sale the land in Bowie County brought $2000, and the land situated in Ward County, Texas, brought $1300, the same being purchased by the said Thomas F. Shelton, said land selling for the aggregate price of $3300, which was credited upon the note.

"IV. I further find that the plaintiffs have made no payment upon the note thus given by them other than the interest as above found, and the amount which was derived from the sale of the land securing the payment of the said note. I further find that after the sale of land under the deed of trust aforesaid, that Thomas F. Shelton transferred the said note of the plaintiffs to T. H. Leeves, and I further take judicial notice of the fact that at this term of this court there is pending and has been submitted to me for decision along with this cause and upon the same facts a suit in which T. H. Leeves is the plaintiff and Mary J. Taylor, J. W. Rea and Dora Rea are defendants, in which suit T. H. Leeves sues to recover the balance due upon the note aforesaid and in which suit the defendants have pleaded usury, and I further take judicial notice of the fact that in that suit all sums paid as interest as aforesaid by the plaintiffs herein, have by the plaintiff T. H. Leeves been allowed as a credit upon the said note, and I have rendered judgment in that suit at the request of the attorneys for T. H. Leeves, allowing the defendants therein, and plaintiffs here, credit upon the principal remaining due upon said note for the entire amount of the interest paid by them to the said Thomas F. Shelton upon said note, towit, the sum of $1100.

"*Conclusions of Law.*—Therefore I conclude, as a matter of law, inasmuch as the plaintiffs herein have not paid the principal of the note upon which they paid usurious interest, and that no judgment has been rendered against them upon the principal of said note for any sum except the remaining amount of principal of said note, after deducting therefrom the sum of $1100 paid thereon as interest and the entire proceeds of the sale of the lands pledged as security therefor, that they are not entitled to recover the penalty sued for in this action, and therefore render judgment in favor of the defendant, Thomas F. Shelton."

*After Stating the Case.*—The appellants for error contend that the court erred in denying them a recovery for double the amount of the usurious interest found to have been paid as usurious interest upon the ground that the right to the penalty could not legally attach and exist until the entire principal of the debt upon which they paid usurious

interest was paid. As seen, the court concluded, as a matter of law, that the right to the penalty did not exist until the entire debt was paid, and denied the recovery for that reason. The court made the finding, "I find at the time said loan was made, towit, on or about the 11th day of April, 1907, the plaintiffs paid to the said Thomas F. Shelton interest on said loan, in advance, at the rate of 12 per cent per annum,—that is to say—the sum of $440, as interest upon said note until maturity, and I further find that when said note became due, towit, on the 11th day of January, 1908, the said Thomas F. Shelton agreed to extend its payment for one year, in consideration that the plaintiffs should pay him interest thereon at the rate of 12 per cent per annum for that year, which they did, paying him the sum of $660, as interest. I find that the interest paid on the dates aforesaid upon said loan amounts in the aggregate to $1100, and was interest paid at the rate of 12 per cent per annum, and was usurious under the laws of the State of Texas." By reference to the record it fully appears that the finding of the court is founded on testimony that is without conflict. It must be taken, therefore, as proven conclusively in the case that appellee actually received, and appropriated, and intended to appropriate, each of the payments made in discharge of the usurious interest, and that appellants agreed and intended that the several payments so made should be applied and appropriated at the time of each payment to the discharge of the usurious interest charged and exacted by appellee. The "usurious interest" of the statute means the whole amount of the interest received, and not the excess above what might lawfully have been received. Smith v. Chilton, 90 Texas, 447, 39 S. W., 287; Baum v. Daniels, 118 S. W., 754. The facts being clear that usurious interest was charged and actually paid and received and intentionally appropriated by the parties at the time of each payment in the discharge of the usurious interest, the right, we think, to the penalty attached and was recoverable under the statute of this State, though the principal sum lent has not been paid. Art. 3106, Rev. Stats., as amended by Act of April 18, 1907, Laws, 30th Leg., p. 277; Stout v. Bank, 69 Texas, 384, 8 S. W., 808; Rosetti v. Lozano, 96 Texas, 57, 70 S. W., 204. The case of Stout v. Bank, *supra,* it is true, was to recover the penalty under the Federal statute, but in Smith v. Chilton, *supra,* our Supreme Court remarked that the statute of this State in respect to the penalty was subsantially the same as the Federal Act. And the rule laid down in the Stout case was followed in the Rosetti case, *supra,* when by cross-action the penalty was allowed as a debt. There the recovery was allowed as a debt before the principal debt was actually paid. In the case of Cotton States Building Co. v. Peightal, 28 Texas Civ. App., 575, 67 S. W., 524, it was decided that a recovery could not be had until the principal sum due was paid, and the case of International B. & L. Assn. v. Biering, 86 Texas, 476, 25 S. W., 622, 26 S. W., 39, was cited as authority. But in the Rosetti case, *supra,* the Supreme Court said, speaking to the rule laid down in the Stout case, *supra,* "Nothing contrary to this was held in Loan Association v. Biering. The contract and

transactions in that case took place before the Act of 1892 giving the penalty in question was enacted, and consequently involved no such question as the one before us."

But by the further findings of the court it appears that appellee, after the sale of the land under the deed of trust and after crediting the proceeds of the sale on the note, transferred the note to T. H. Leeves, and that Leeves brought suit on the note against appellants to recover the balance due upon the note, and that in that suit appellants interposed the plea of usury, and that on that plea of usury Leeves offered to allow a credit on the principal debt of the amount of the usurious interest, and the court awarded judgment for Leeves for the balance after crediting the entire amount of the usurious interest paid on the principal of the debt sued for by Leeves. The effect of this proceeding upon the right of appellants to collect the penalty against appellee must be considered. In this connection it is stated that the court uses the words "judicial notice" in the findings, but by reference to the record it appears that there was evidence as to all the matters stated except "and upon the same facts." The court states as a fact that he had rendered judgment in that suit for Leeves, allowing a credit of the usurious interest on the balance due. This is taken as testimony given by the court's using himself as a witness to the fact. As the proceedings in that suit are in the record by formal introduction in evidence and by proof we consider the facts, and we do not consider the part the court took judicial notice of. And we here make it plain that the court can not take judicial notice of the record in another case, and it could not be considered without formal introduction in evidence. The People v. De La Guerra, 24 Cal., 73. Referring to the statement of facts it conclusively appears that appellee transferred the note to Leeves "without recourse on me." The note was at the time credited with the proceeds of the sale of the land, which was $3300. Thus title to the unpaid balance of the debt passed absolutely to Leeves without recourse on appellee. By the record it appears that Leeves brought suit for his debt thus acquired. And it also appears by the record that appellants sued appellee for the penalty in question. The two suits seem to have been filed about the same time, as their file numbers show. At any rate, the appellants' suit was filed on January 9, 1909, and their amended answer in the Leeves suit was filed on January 25, 1910. Appellants made answer to the Leeves suit on the balance of the debt as follows: "And for special answer in this behalf the defendants say, that the note sued on by the plaintiff herein was, and is, usurious for that Thomas F. Shelton, to whom the defendants executed and delivered the said note, and from whom the plaintiff T. H. Leeves acquired the same, long after maturity thereof, unlawfully and wrongfully charged and received from the defendants interest at the rate of 12 per cent per annum for the loan of $5500, and charged, exacted and received from the defendants the sum of $1100 as interest upon said note for a period of one year and eight months, towit: from the first day of May, 1907, to the first day of January, 1909, being $183.34 in excess

of the highest rate of interest allowed to be charged and received under the laws of Texas; whereby the defendants say that the said T. F. Shelton, and the plaintiff, his assignee of said note after maturity thereof, forfeited and lost all right to any interest on the same. Wherefore defendants say that plaintiff ought not to recover anything as interest on the note sued on." The answer, as seen, was simply a plea in bar of the right of Leeves to collect any interest; and the plea, if usury be established, could merely have the effect to limit a recovery by Leeves, who was a purchaser after maturity, to the balance of the principal of the debt due without any interest. The taint of usury forfeits any further interest under the statute, and leaves thereafter the principal of the debt as what is really due and owing the owner of the note  Appellants could not be required to pay more to Leeves than the principal sum owing him. Spann v. Sterns, 18 Texas, 556; Moseley v Smith, 21 Texas, 441; Sheffield v. Gordon, 34 Texas, 531; Gilder v. Hearne, 79 Texas, 120, 14 S. W., 1031. The plea urged in that case, therefore, being solely that "plaintiff ought not recover anything as interest on the note sued on," there could be presented no question of, or any basis for, allowing the recovery of the usurious interest paid and its application to payment of the principal of the debt as a set-off. There are cases where the pleadings asked that the usurious sums paid be credited on the principal and the court granted such relief and applied the payments, though made as interest, to the principal sum. But in the absence of such pleading, as here, the court is not warranted in granting that particular relief. Here appellants were willing to allow judgment to Leeves for the balance of the note sued for, and made no objection thereto, and only asked the court that they be not required to pay any "interest on the note sued on." It is permitted by law for them to waive, if they so desire, any credit on the principal, and to rely on not paying any more interest on the debt. Construing the plea in that case, as we do, as seeking an abatement merely in the payment of any interest to Leeves, and no more, the cases referred to as allowing credits to the principal for usurious interest paid, on pleadings seeking that relief, would have no application here. It appears, then, that appellants' cause of action against appellee for the penalty was complete before he transferred the note to Leeves, and that they had sued for the penalty before the trial of the Leeves suit. And it appears that Leeves voluntarily allowed a credit in his suit on the debt sued for, to appellants, of the amount of the usurious interest previously paid by appellants to appellee. Could appellee take any benefit from the act of Leeves in allowing a credit on the principal of the note, as against the suit by appellants for the penalty in question? Appellee had parted with the title to the debt without recourse, and was not a party, nor a necessary or proper party, to the Leeves suit. While Leeves, being a purchaser after maturity, could not recover any interest on his debt as against the plea in the case, he would not be responsible for appellee's wrongful act in taking and appropriating usury. And it was proper in that case, as stated, to render judgment only for the

principal due. We think the question must be answered that appellee could not be relieved of liability for the penalty by the subsequent voluntary act of Leeves in allowing the credit, which was a gratuity on Leeves' part, nor would the judgment in the Leeves suit be conclusive against a recovery by appellants of the penalty against appellee.

It being conclusively shown that appellants are entitled to recover the penalty sued for, the judgment, we think, must be reversed and here rendered for appellants with all costs, and it is accordingly so ordered.

### ON REHEARING.

The Act of April 18, 1907 (Laws 30th Leg., p. 277), amending article 3106, Revised Statutes, was approved April 18, 1907, and took effect ninety days after adjournment of the Legislature; therefore it was not in effect April 11, 1907, the time appellant paid the first item of usurious interest in question. Under the former article in force April 11, 1907, the right to recover the penalty, as distinguished from a recovery merely of usurious interest paid, was limited to usury under a written contract. The undisputed evidence shows that the first amount of $440 interest in question was paid under an oral agreement between the parties, and hence that item should not here be allowed and it was error to render judgment for that amount. To this extent the former opinion and the judgment of this court are modified.

We adhere to the ruling in Baum v. Daniels, *supra.*

The motion, except in the respect above, is overruled.

*Reversed and rendered.*

Writ of error refused to Shelton.