## ALSTON v. GREENE.
### No. 904.

Court of Civil Appeals of Texas. Eastland.
Oct. 23, 1931.

Rehearing Denied Nov. 20, 1931.

Beall & Beall and Walter Carter, all of Sweetwater, for appellant.

Ritchie & Ritchie, of Mineral Wells, for appellee.

HICKMAN, C. J.

This suit was instituted by appellee, John M. Greene, against appellant, C. H. Alston, to recover double the amount of the usurious interest alleged to have been paid by him to appellant upon a promissory note. The action was predicated upon the provisions of article 5073, R. S. 1925. On April 21, 1928, appellee, the owner of a lot in Sweetwater, entered into a contract with appellant, a building contractor and dealer in building materials, for the erection of an apartment house upon his lot. The original contract price was $15,500 for a "turnkey" job. After the original contract was entered into, certain changes in the specifications were made, and it was agreed that appellee should pay an additional $900, making a total contract price for the completed building $16,400. On the date of the making of the contract the appellee and his wife, Ida L. Greene, executed to appellant a mechanic's lien and note in the sum of $18,000, due August 1, 1928, and thereafter, at the time of the changes in the specifications, executed to appellant an additional mechanic's lien and note in the sum of $1,000, also due August 1, 1928. These notes and liens were for the protection of appellant, it being agreed between the parties that the notes would be valid only to the extent of the actual contract price for the completed job.

The building was completed and accepted on August 1, 1928, at which time appellee owed appellant $16,400. In order to liquidate this claim and other prior claims against the property, appellee procured from an investment company at Abilene a loan on the property of $15,000. This loan was made on October 5, 1928, two months and five days after the contract price for the work was due to appellant. In the meantime, rents had been collected on said apartment in the sum of $225.82. Out of this sum of $15,225.82 there was first paid a vendor's lien note owned by Dr. Canfil, of Sweetwater, in the sum of $2,030.64. There was next paid a paving assessment in the sum of $350.40. The balance of $12,844.78 was applied to the liquidation in part of the indebtedness owing to appellant. By the terms of the original notes for $18,000 and $1,000 above mentioned, interest at the rate of 10 per cent. per annum from maturity was payable thereon. This interest from August 1st to October 5th amounted to $296.10. The amount actually owing by appellee to appellant as of October 5th was the contract price of $16,400, plus this interest of $296.10. Deducting from this total the sum of $12,844.78 paid to appellant from the proceeds of the loan and rents leaves a balance of $3,851.32 as the actual amount of indebtedness remaining. On that date, October 5, 1928, appellee and wife executed to appellant their note for $4,630, payable in ten monthly installments of $130 each, beginning November 5, 1928, and the final installment, payable eleven months thereafter, being in the sum of $3,330. This note provided that it should bear interest from the maturity of the several installments specified at the rate of 10 per cent. per annum.

It was the contention of appellant below that, on October 5, 1928, when the $4,630 note was executed, appellee owed him a balance on a personal account of $338.11 and also that an item of $461.01, by the mutual consent of the parties, was included in the face of the note. This item was alleged to have arisen by virtue of a discount which appellant made to a Mr. Dean, the details of which it is not necessary here to state. The case was tried before the court without a jury, and findings of fact and conclusions of law appear in the record. Among other findings was one to the effect that the item of $461.01 was agreed to be carried into the note of $4,630 as an interest and carrying charge, but that, upon the advice of an attorney that it would be illegal and usurious, it was then agreed that same should be termed as a commission due appellant by a subcontractor. The court finds that this item was in truth and in fact excess interest over and above 10 per cent. and was intended as such. It was found that no indebtedness to Dean existed and that the item was fictitious and resorted to for the purpose of concealing usury. The court further found that appellee paid appellant $236 as interest on the balance of $1,180 due on the note on July 19, 1929, and that same was paid as interest for twelve months. It was the view of the trial court that appellee's recovery should be limited to double the excess above 10 per cent. per annum interest. Judgment was accordingly rendered on the findings of the court in favor of appellee against appellant for double the items of $461.01 and $118, each of these items having been found to be interest paid in excess of the legal rate of 10 per cent. The total

recovery of appellee was $1,158.02, but the judgment applied same to the extinguishment of a balance of $1,180 due on the $4,630 note, leaving a balance of approximately $22 due on said note. Both parties gave notice of appeal, but appellant alone perfected his appeal by filing a bond. Appellee has filed cross-assignments and the contentions of each party are properly before us for review.

■ The contract was usurious as a matter of law. The $4,630 note recited on its face that it was given in renewal and extension of the unpaid balance on the $18,000 and $1,000 notes above mentioned. It also recited that "the interest on this note is payable monthly as it accrues, and is included herein and in the monthly installments provided for." There was a provision in the note to the effect that the holder had the election to mature same and declare the whole thereof due and payable upon the failure of the maker to pay any installment thereof. As a part of the same transaction, and as additional security for the note, appellee and wife executed a deed of trust on the property covered by the mechanic's lien. This deed of trust recites that the note was given in renewal and extension of the unpaid balance due on the $18,000 and and $1,000 notes, "plus the interest thereon to the maturity date of the note hereinbefore described and hereby secured." As above noted, the two notes mentioned provided for interest from maturity at the rate of 10 per cent. per annum. It therefore appears on the face of the instruments that 10 per cent. per annum was calculated in advance and added to the face of the $4,630 note.

It is now the settled law of this state that a promissory note, providing upon its face that interest at the rate of 10 per cent. per annum from date to maturity is added in the face thereof, and providing for monthly payments and interest on said monthly payments from maturity of each, and further providing for accelerated maturity in case of failure to pay any one of said installments, is usurious as a matter of law, and is void as to all interest included therein. Shropshire v. Commerce Farm Credit Co. (Tex. Sup.) 30 S.W.(2d) 282; Deming Inv. Co. v. Giddens (Tex. Sup.) 30 S.W.(2d) 287; Bothwell v. F. & M. Bank (Tex. Sup.) 30 S.W.(2d) 289.

Furthermore, the contract was usurious as a matter of fact, even though it might be error to hold it usurious as a matter of law. This was the conclusion of the trial judge, based upon his findings of fact. Appellant attacks these findings as being unsupported by the evidence. We have considered these assignments, but are unable to sustain them. There is competent evidence in this record which, if believed, supports these findings. The evidence was, at most, but conflicting. We therefore conclude that the contract was usurious as a matter of law, according to its

own recitals, and that the finding of the trial court that same was usurious as a matter of fact, on account of including therein fictitious items for the purpose of concealing usury, is supported by the evidence. It therefore remains to be determined what amount of interest, if any, was actually paid by appellee upon the note.

■■ Appellee made payments aggregating $3,450, besides $236 hereafter to be noticed. The total amount of the payments was less than the actual bona fide indebtedness. The trial court proceeded on the theory that all of the interest had been actually paid, and that the balance of $1,180 remaining on the note was principal. With this conclusion we cannot agree. The facts disclose that these payments were made either to appellant or to the bank in which the note and deed of trust were kept, and that there was no agreement between the parties at the time the payments were made as to the application thereof. Had the evidence shown that the payments had been intentionally applied by agreement as payments upon the interest, then appellee would be entitled to recover double the amount paid, notwithstanding the entire principal had not been paid. Rosetti v. Lozano, 96 Tex. 57, 70 S. W. 204.

There is evidence in this record that appellant claimed a balance due on the note of $1,180 as principal, but it is evident that the term "principal" was used to designate the face of the note and was not used to designate that portion of the face of the note which was bona fide, as distinguished from the portion which the court found to be fictitious. The question of law presented is: Since the parties themselves did not, at the time these payments were made, apply any designated portion thereof to the payment of interest, how should they be applied as a matter of law? This question is answered in Gunter v. Merchant (Tex. Com. App.) 213 S. W. 604, and Southern Industrial Corporation v. Bolton (Tex. Civ. App.) 22 S.W.(2d) 495. The law applies them to the lawful portion of the contract.

■ What has been stated next above does not apply to two of the payments shown by the record to have been made. The trial court finds, and the finding is well supported by the record, that, after payments of $3,450 had been made, there remained a balance due on the face of the note of $1,180. Appellee was unable to pay this balance, and on July 19, 1929, an extension thereof for one year was agreed upon. For this extension appellee paid in advance the sum of $118 and at the end of the year he paid the further sum of $118 as interest for said year. By agreement of the parties none of this $236 was applied to the principal. It was all applied as interest. Appellee pleaded that this transaction was usurious and prayed for double

the entire amount of $236 interest paid thereon. The trial court, acting upon the theory that the law allowed a penalty of double the excess only, awarded judgment for double $118. This was error. One suing under article 5073 is entitled to recover double the whole amount of interest paid, and not merely double the excess over the lawful rate. Smith v. Chilton, 90 Tex. 447, 39 S. W. 287.

 It was not necessary for Mrs. Ida L. Greene, wife of appellee, to be a party to the suit before a final judgment could be rendered. There is no suggestion anywhere in the record that Mrs. Greene had any separate interest in the property or any other interest than that of the community. No homestead question is involved. A husband may bring and defend a suit in behalf of the community in his own name, and the wife is bound thereby and need not be a party thereto. Speer's Law of Marital Rights (3d Ed.) §§ 513, 624, and authorities there cited.

Summarizing, it is our opinion that all of the interest included in the $4,630 note was void, and that, applying the payments totaling $3,450 to the actual indebtedness of $3,851.32, there is left unpaid on said note the sum of $401.32 as principal. Appellee having actually paid $236 as interest for the extension of the balance of $1,180 from July 19, 1929, to July 19, 1930, he is entitled to recover, as a penalty, double that amount, or $472. Applying the balance owing by appellee upon said note to the amount of his recovery as penalty leaves a balance in favor of appellee amounting to $70.68, after canceling the note and deed of trust. It is therefore our order that the judgment of the trial court be reformed in accordance with the foregoing, and, as reformed, that same be affirmed.

Reformed and affirmed.

#### On Rehearing.

Both parties have filed motions for rehearing, and each has called attention to a question not specifically discussed in our original opinion. The appellant contends that we should have included in the amount actually owing by appellee to him an item of $338.11, which he claims was due him on an open account and became a part of the principal of the note which we held to be usurious. In response to appellant's contention, we here state our reason for not including said item in our calculation.

Appellant requested the trial court to find that, at the time of the settlement on October 5, 1928, appellee owed him $338.11 on a personal account, and the trial court expressly refused to make such finding. The evidence justified the court in so refusing, and it would not, therefore, be proper for us to give appellant credit for this amount in calculating the actual indebtedness due him by appellee.

 Appellee insists that we erred in our calculation wherein appellant was given the benefit of the item of $296.10, as interest owing from August 1, 1928, to October 5, 1928, on the balance due on the two original notes of $18,000 and $1,000. Since this item was interest, and since we held that the contract of October 5th was usurious, it is insisted that said contract was void as to all interest, including this item. We cannot agree to this view of the record. The amount of interest accruing on the original indebtedness between August 1 and October 5, 1928, was lawful interest upon a lawful contract. The only contract tainted with usury was that of October 5, 1928, and the fact that the lawful interest theretofore owing became a part of the unlawful contract would not have the effect of making void such lawful interest theretofore accrued. It became a part of the valid principal of the new contract and never became a part of the unlawful interest charged thereunder.

Both motions have been duly considered by the court and are overruled.