## FORRESTON STATE BANK OF FORRESTON v. BROOKS.

### No. 1228.

Court of Civil Appeals of Texas. Waco.

May 26, 1932.

Rehearing Denied June 23, 1932.

Tom Whipple, of Waxahachie, for plaintiff in error.

J. T. Spencer, of Waxahachie, for defendant in error.

## ALEXANDER, J.

W. R. Brooks brought this suit against the Forreston State Bank to recover the penalty provided by statute for collecting usurious interest (Rev. St. 1925, art. 5073). The plaintiff alleged that in 1928 and 1929 he executed and delivered to the bank seventeen different notes for money borrowed from the bank, and that when he repaid the money so borrowed, he was required to pay as interest the sum of $16.06, more than 10 per cent. per annum on the amount so borrowed. The bank, in addition to entering a general denial, alleged that the excess charges were made as carrying charges or as expenses for preparing the notes and entering same on the books of the bank. The case was submitted to the jury on a general charge and resulted in a verdict for the plaintiff for the sum of $138.29. The defendant brings error.

■ The plaintiff in error complains of the refusal of the court to give its requested charge instructing the jury that if they found that the excess charges over and above 10 per cent. per annum were charged as carrying charges, the jury should return a verdict for the defendant. Under our statute (Rev. St. 1925, art. 2184 et seq.), the court is required to submit to the jury all issues made by the pleadings and evidence, but the court is not required to submit an issue not raised by the evidence. The evidence showed without dispute that Brooks had been required to pay to the bank more than 10 per cent. per annum for the use of the money borrowed by him. There was no evidence that Brooks agreed to pay any sum for any extra services rendered in connection with the loans. The cashier of the bank testified that: "If there was any excess interest charged over ten per cent., it was for carrying charges. It costs as much to make a loan for a small amount as it does a large amount, in the way of material, time and labor expended in drawing up said notes." This was the only evidence offered to show authority to charge for extra services in connection with the loan. It is apparent that the only services rendered were those necessarily required in making the ordinary loan. The interest allowed by statute is intended to compensate for such services. The evidence wholly failed to show that any such extra service was rendered as would authorize a charge therefor. The means employed in this case cannot be used to avoid the effect of the usury statute. To allow extra charges for such services would destroy the purpose of the usury laws. Independent Lumber Co. v. Gulf State Bank

(Tex. Civ. App.) 299 S. W. 939; Slaughter Co. v. Eller (Tex. Civ. App.) 196 S. W. 704, par. 13. The trial court did not err in refusing the requested charge.

■ Sixteen of the loans in question were tainted with usury and the plaintiff was allowed to recover double the amount of all interest paid on these loans. The plaintiff in error contends that the defendant in error should have been allowed to recover only double the amount of the usurious interest paid over and above the 10 per cent. permitted by law. The rule is that where usury is collected, the injured party is entitled to recover double the whole amount of interest so paid and not merely double the excess above the lawful amount. Rev. St. art. 5073; Smith v. Chilton, 90 Tex. 447, 39 S. W. 287; Alston v. Greene (Tex. Civ. App.) 43 S.W.(2d) 478.

The judgment of the trial court is affirmed.