**THRIFT FINANCE COMPANY et al.,**
Appellants,

v,

**STATE of Texas, Appellee.**

No. 15832.

Court of Civil Appeals of Texas.

Dallas.

Oct. 27, 1961.

Rehearing Denied Dec. 1, 1961.

Weinberg & Sandoloski, Dallas, for appellants.

Will Wilson, Atty. Gen., and Jack N. Price, Asst. Atty. Gen., for appellee.

DIXON, Chief Justice.

On April 17, 1959 the State of Texas through its Attorney General filed suit pursuant to Art. 4646b, Vernon's Ann.Civ.St. against Delmas M. Pulley, individually and doing business as Thrift Finance Service to enjoin the latter from violating the usury laws, Art. 16, sec. 11 of the State Constitution, Vernon's Ann.St. and Art. 5069, V. A.C.S.

Sec. 1 of Art. 4646b, V.A.C.S. provides that the Attorney General may institute suit to enjoin any person from charging usury who is engaged in the business of habitually loaning money for the use and detention of which usurious interest has been charged against or contracted to be paid by the borrower.

Sec. 2 of the Statute defines the business of habitually loaning money as "the making of as many as three (3) loans on which or in connection with which usurious interest is charged or contracted for within a period of six (6) months next preceding the filing of any suit."

Sec. 2a of the Statute provides that actual and necessary expenses permitted and authorized by law shall not be considered interest; and that there shall exist a prima facie presumption that the actual and necessary expenses of making any loan is $1.00 for each $50.00 loaned.

On June 17, 1960 the trial court sustained a motion for summary judgment, and a judgment was accordingly entered permanently enjoining appellant Pulley from "demanding, receiving or by use of any means attempting to collect from a borrower usurious interest on account of any loan, and from thereafter charging any borrower usurious interest or contracting for any usurious interest in the State of Texas."

In his first and fourth points on appeal appellant contends that it was error to render summary judgment against him because the record discloses a number of fact issues. It is appellant's position that (1) since the notes he received from the borrower do not show any usury on their faces it is necessary to determine the intention of the lender and to ascertain whether the lender intended to charge or deduct interest in a greater amount than that allowed by law; and (2) there is a fact issue as to whether usurious interest was actually charged, and, if so, whether appellant made three or more usurious loans within six months of the filing of suit.

We are unable to agree with appellant that any material fact issues are disclosed by the record. Admissions made by appellant himself in an oral deposition are sufficient to support the court's judgment.

Appellant testified that he operates on the "open note" plan, that is, the gross amount due as shown on the note is the amount of money actually loaned plus interest for the duration of the note. For example, a loan of $25.00 cash was made to a person named Everado Montellano. The borrower signed a note for $33.60 payable in eight weekly installments of $4.20 each. Appellant himself identified the difference of $8.60 as interest. Obviously the interest on the loan was greatly in excess of 10%, the legal rate.

Claude Tate, Assistant State Auditor, in an affidavit which is part of the record, says that even if a service fee of $1.00 for necessary expenses is presumed in accordance with the Statute, the charge of $7.60 as interest on the $25.00 principal of the above loan amounts to 325.63% per annum.

Appellant identified several exhibits described as "Manager's Reports" showing numerous loans made to various persons similar to the loan made to Everado Montellano. These loans were all made during a period within six months next preceding the filing of appellee's petition.

Throughout most of his deposition appellant referred to the difference between the amount actually loaned and the amount shown on the notes as interest. Toward the latter part of his deposition he mentioned certain notes in which this difference also included a "service fee". However, under the circumstances this testimony cannot be accepted as raising a doubt that the interest charged was usurious. Appellant made no attempt to break down or itemize the so-called service fees. Nowhere does he claim that in any case the "fee" exceeded the $1.00 per $50.00 loaned, which $1.00 is the amount of necessary expenses which may be presumed under the Statute.

If he were to claim that the amount of the legitimate service fee exceeded the statutory presumption of $1.00, the burden would be on him to prove the amount. Watts v. Mann, Tex.Civ.App., 187 S.W.2d 917, 929 (Syl. 40).

Appellant testified that he does not operate as a broker lending money for other persons, so there could not have been a brokerage charge. He does not operate under a credit insurance plan, so there could not have been a fee for credit insurance. He does operate in accordance with a rate chart in which the rates are set out substantially as described in the Everado Montellano loan.

█ Appellant had earlier testified to the amount of rent he paid and to the salary of a bookkeeper. He also referred to his bill for postage. From his testimony it is plain that he attempted to include these ordinary overhead expenses in the so-called "service fee". But ordinary overhead expenses incurred in operating a business of lending money are not the type of expenses for which a service charge may be made against borrowers. Eastern Mortgage & Securities Co. v. Collins, Tex.Civ.App., 118 S.W.2d 479; Baltimore Trust Co. v. Sanders, Tex.Civ.App., 105 S.W.2d 710; National Bond & Mortgage Corp., v. Mahanay, Tex.Civ.App., 70 S.W.2d 236; Forreston State Bank v. Brooks, Tex.Civ.App., 51 S. W.2d 645.

There is no doubt that appellant intended to collect a greater rate of interest than 10%. We quote from his oral deposition:

"Q. And you never did operate under what we call the brokerage plan? A. No, sir. * * *

"Q. They wanted to operate under their system instead of operating like you are? A. Well, you know, to be honest with you, I guess that is the reason that I am not borrowing through them. I did not think that their method was a good method, and *no more proper than what I am doing today,*

and, if I felt like it was—I am not saying that I am right—but when they wanted me to borrow money from them on whatever policies they had, if I had thought that it was better, I would have gone along with them." (Emphasis ours).

Appellant's first and fourth points on appeal are overruled.

█ The substance of appellant's second and third points is that it was error to render summary judgment in favor of appellee since appellee's petition is not verified as provided by Rule 682, Texas Rules of Civil Procedure, nor are any affidavits from borrowers on file in this cause.

Again we are unable to agree with appellant. Appellee's petition, though not verified, contains detailed allegations, which if proved, make out a case of violation of our usury laws. These allegations were proved beyond all question by appellant's own testimony contained in his signed sworn oral depositions. Thus the truth of the allegations is established by undisputed evidence, the legal effect of which not only equals, but far exceeds that of a sworn pleading.

We call attention, too, to the fact that the judgment entered by the court, though a summary judgment, was a final judgment for a permanent injunction. It was not merely a temporary injunction. The court had before it evidence to support the final judgment. The case of Wilson Finance Co. v. State of Texas, Tex.Civ.App., 342 S.W. 2d 117, involved a trial on the merits, not a summary judgment. But the court reached the same conclusion that we have reached here in regard to a failure to verify a pleading. We think the same reasons which guided the court to its decision in the Wilson case are applicable here. See also Magnolia Petroleum Co. v. State, Tex.Civ. App., 218 S.W.2d 855; Hamblen v. Knight, 60 Tex. 36; Johnson v. Daniel, 25 Tex.Civ. App., 587, 63 S.W. 1032; Edrington v. Allsbrooks, 21 Tex. 186; Eccles v. Daniels,

16 Tex. 136, 137; and 27A Tex.Jur. 294. Appellant's second and third points are overruled.

The judgment of the trial court is affirmed.

WILLIAMS, J., not sitting.