## SOUTHERN INDUSTRIAL CORPORATION v. HARRIS et al. (No. 3740.)

Court of Civil Appeals of Texas. Texarkana. Nov. 15, 1929.

Rehearing Denied Nov. 28, 1929.

W. B. Harrell, of Dallas, for plaintiff in error.

George Clifton Edwards, of Dallas, for defendants in error.

HODGES, J. This suit was filed by the Southern Industrial Corporation, plaintiff in error, against H. E. Harris, E. C. DeGelier, M. E. Combs, and Meuzetta R. Wall, the defendants in error, for $117 as the balance due on a promissory note for the principal sum of $150. The plaintiff also asked for $35 as attorney's fees. The defendants in error answered by a general demurrer and a general denial and a plea of non est factum. The defendant in error H. E. Harris also filed a cross-action, alleging that he had paid usurious interest to the plaintiff in error in the sum of $43, and sought to recover double that amount under the statute providing a penalty for the collection of usurious interest. The defendants in error appealed from an adverse judgment to the county court, where a trial resulted in a cancellation of the note sued on and a judgment in favor of the defendant in error Harris for the sum of $86. From that judgment this appeal is prosecuted.

The county court submitted special issues. Among them were the following:

"1. Was the note sued on herein altered from a $100.00 note to a $150.00 note after it was signed by the defendants?" To which the jury answered, "Yes."

"2. Was the $43.00 paid by the defendant Harris charged and collected as interest?" To which the jury answered, "Yes."

There is no complaint of that portion of the judgment canceling the note because of a material alteration. The error assigned complains of the finding of the jury that Harris had paid $43 as usurious interest.

Harris testified that he had two transactions with the plaintiff in error, in each of which he borrowed money. In the first he executed a note for $50 payable in installments of $3 a week. On that note he received from the plaintiff in error $40. The note bore interest from maturity at the rate of 10 per cent. per annum. He paid on that

note $24, leaving a balance of $26 due. He later executed another note for $100. When the second loan was made the plaintiff in error deducted the balance of $26 due on the first note and $30 for some other purpose, and gave Harris $51 in money. Harris paid only $33 on the last note. Undoubtedly both notes executed by Harris were usurious. The only question is: Does the testimony show that Harris paid any sum as interest? It has been held by our Supreme Court that, when the borrower makes a partial payment on a usurious contract and that payment is applied on interest, the right of the borrower to collect the statutory penalty of double the amount so paid arises, notwithstanding the principal debt is still unpaid. Rosetti v. Lozano, 96 Tex. 57, 70 S. W. 204. In this case it appears that the notes did not bear interest until after maturity. The usurious interest had evidently been added into the face of the notes. The money paid by Harris was credited upon the notes without indicating whether it went to extinguish the interest or the principal. The simple fact that the plaintiff in error subsequently filed a suit for the balance, which included both usurious interest and principal, does not justify the conclusion that it applied the payments on the interest. The suit might have been as much for unpaid interest as for unpaid principal. Whatever weakness there may be in the evidence upon that issue operates to the disadvantage of the defendant in error, who had the burden of proving facts which would authorize the court or the jury to reach a definite conclusion. A part of the consideration expressed in both notes was unlawful and therefore could not be collected. In 30 Cyc., p. 1236, the author uses this language: "While a creditor may apply a payment on a claim which he cannot enforce, such as an oral one, within the statute of frauds, he cannot apply a payment to an illegal claim, a distinction being drawn between claims which are merely unenforceable and those which are malum in se or malum prohibitum."

In 21 Ruling Case Law, p. 102, § 108, the rule is thus stated: "The application of a payment not having been directed, the law will, as between a legal and an illegal debt, apply it on the legal debt. So the principle of law which applies such unappropriated payment first to discharge the interest due and then reduce the principal cannot operate in the case of usurious interest, for all interest is forfeited eo instanti by an agreement to pay interest at an illegal rate, and payments will not be applied by operation of law to the discharge of unlawful obligations in preference to debts justly due."

See, also, the following: International B. & L. Ass'n v. Biering, 86 Tex. 476, 25 S. W. 622, 26 S. W. 39; Bowman v. Bailey (Tex. Civ. App.) 203 S. W. 922.

We are of the opinion that the finding of the jury and the judgment of the court upon the cross-action of the defendant in error is unsupported by the evidence. That portion of the judgment canceling the note sued on will be affirmed but that portion which awarded the defendant in error Harris a recovery of $86 on his cross-action will be reversed and judgment here rendered in favor of the plaintiff in error.