## JOY v. FIDELITY FINANCE CO.

### No. 11239.

Court of Civil Appeals of Texas. Dallas.

May 20, 1933.

Thos. R. Bond, of Terrell, and J. W. Chancellor, of Bowie, for appellant.

Davidson, Randall & Gray, of Dallas, for appellee.

LOONEY, Justice.

This is a statutory action of debt by M. A. Joy against Fidelity Finance Company, a corporation, to recover, as penalties, double the amount of usurious interest collected by defendant on the principal of three notes aggregating the sum of $800. Among other defenses urged, defendant pleaded two years' limitation to that portion of the cause of action mentioned below. The trial court found that the contracts involved were usurious; that defendant collected thereon $524 interest; that six interest installments of $12 each, aggregating $72, were paid more than two years prior to the institution of suit, and, to that extent, plaintiff's cause of action was barred, and, after deducting the barred portion of the cause of action, rendered judgment for plaintiff for $904, being double the amount of the remainder.

Plaintiff appealed, and contends that: "The court erred in holding payments made more than two (2) years prior to the institution of suit barred by statute of limitation. for the reason that such payments should

have been applied to the principal and not to the illegal interest."

■ Plaintiff had the choice of two remedies, that is, he could have required the deduction of the amount of usurious interest paid, from the principal, or was privileged to pursue the course taken, that is, sue to recover double the amount of interest paid,' but could not pursue both remedies or blend the two.

In Sugg v. Smith, 205 S. W. 363 (writ refused), the Austin Court of Civil Appeals held that article 16, § 11, of the Constitution, and the statute enacted thereunder (now article 5073, R. S. 1925), authorizing recovery of double the amount of usurious interest paid, did not abrogate the prior rule concerning the application to the principal of all payments of usurious interest, but, in a situation such as presented here, the debtor is put to an election, that is, to sue for penalty, or have the amount paid as usurious interest credited upon the principal, To the same effect see Wootton v. Jones (Tex. Civ. App.) 286 S. W. 680, 686. In the latter case, the Austin court said: "Upon another trial, should appellant's plea of usury be established, appellees will not be entitled to recover interest on their debt, and appellants will not be entitled to have interest payments credited on the principal, for the reason that they have elected to sue for the statutory penalty"—citing Sugg v. Smith, supra.

■■ The doctrine is also settled that a cause of action to recover penalty under the statute arises and is fixed when usurious interest is collected; hence it follows that the statute of limitation is put in operation from the date of such payment. The statute (article 5073, R. S. 1925) provides that: "Within two years after the time that a greater rate of interest than ten per cent shall have been received or collected upon any contract, the person paying the same or his legal representative may by an action of debt recover double the amount of such interest from the person, firm or corporation receiving the same. * * *" The statute has been given the meaning above stated. See Southern Industrial Corporation v. Harris (Tex. Civ. App.) 22 S.W.(2d) 494, 495; Rosetti v. Lozano, 96 Tex. 57, 70 S. W. 204, 205; Stout v. Ennis National Bank, 69 Tex. 384, 390, 8 S. W. 808; Wootton v. Jones (Tex. Civ. App.) 286 S. W. 680, 687. In Southern Industrial Corporation v. Harris, supra, the court said: "It has been held by our Supreme Court that, when the borrower makes a partial payment on a usurious contract and that payment is applied on interest, the right of the borrower to collect the statutory penalty of double the amount so paid arises, notwithstanding the principal debt is still unpaid"—citing 96 Tex. 57, 70 S. W. 204. And in Rosetti v. Lozano,

supra, the Supreme Court used the following pertinent language: "The question referred to as decided in the first case cited is whether or not a right of action for the penalty arises before the entire principal and usurious interest, besides, has been paid. In the case of Stout v. Bank, 69 Tex. 389, 390, 8 S. W. 808, the same question arose, and was decided under the act of congress before alluded to. The holding was that where the parties, as they did in this case, intentionally appropriate payments to the discharge of usurious interest, the right to the penalty arises and is fixed whether the principal debt has been paid or not. Nothing contrary to this was held in Association v. Biering, 86 Tex. 476, 25 S. W. 622, 26 S. W. 39." In Wootton v. Jones, supra, the court said: "All statutory penalties that accrued more than two years before the plea of usury was first filed are barred."

So we conclude that the court did not err in holding the usurious interest installments paid more than two years before the institution of suit barred, that its judgment, being correct, should be affirmed, and it is so ordered.

Affirmed.

Associate Justice BOND did not take part in this decision, because of the fact that, as trial judge, he rendered the judgment under review.