## NATIONAL BOND & MORTGAGE CORPORATION v. MAHANAY.

### No. 12946.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 9, 1934.

Rehearing Denied March 10, 1934.

Floyd L. Karsten, of Fort Worth, for appellant.

Lightfoot & Robertson and Nelson Scurlock, all of Fort Worth, for appellee.

LATTIMORE, Justice.

■ This is on an appeal from a judgment for the penalties of usury. Mr. Allgood borrowed $3,700 from appellant on November 14, 1927, and executed therefor two notes, one for $740 without interest, payable $20.-57 each month thereafter, and one note for $3,700 with interest at 6 per cent. per annum payable in monthly installments thereafter, and the principal payable in monthly installments of $57.06, beginning December 14, 1930. The improvements on the real estate security for the loan were destroyed by fire in November, 1930, at which time the payments on the loan were in default, and appellant, by virtue of the acceleration clause therein, collected the balance on the notes in the sum of $4,129.77. There was paid to appellant by virtue of the loan, exclusive of principal, $1,418.81. It is thus apparent that appellant received more than $3,700 plus 10 per cent. per annum interest. The defense is that $185 of the money paid was a brokerage fee to the local agent of the appellant for making the loan. However, it is undisputed that he sent this sum to appellant and that he was compensated by appellant under a regular employment agreement. The $185 was a part of the payment by Allgood for the use of the $3,700.

Also the $740 note was recited to be a payment to appellant for services in connection with the loan. Allgood signed an application for the loan, reciting that he understood that appellant would obtain the money by selling some of its bonds and that this $740 was a deposit with appellant, out of which it would pay the actual expenses of printing bonds, having "our note" guaranteed, compensation of "the trustee," handling collections, keeping records, keeping informed on taxes, and insurance.

The evidence showed that, prior to the time that appellant ever heard of Allgood, it had made an agreement with the Century Trust Company of Baltimore by which that company had agreed to buy such bonds as appellant issued from time to time which were secured by the collateral pledge of first mortgage notes in an amount equal to the bond proffered for sale, and provided the appellant would also pay the taxes on said

bonds to the extent of 2 per cent. of the interest on the bond, would pay a fee for a "trustee," one Henry Laithe, pay income tax for the holder of the bond to 5 mills on the dollar, pay for the guaranty of the payment of the mortgage by the Maryland Casualty Company and for guaranty of the title by some insurance company satisfactory to the Maryland Casualty Company and some other similar charges. All of them were in turn to be passed on to Allgood plus the additional items recited in the application and paid by him out of the $740 and the $185.

The jury found that this money obtained from Allgood and Mahanay was interest, with an intention to obtain interest in excess of 10 per cent. per annum for appellant, and was received and collected by appellant, was not for expenses, and was not intended by appellant to be expenses, and was not collected on behalf of the Century Trust Company.

A review of the usury cases of the nation reveals that no Legislature has yet convened which could foresee the devices which the cunning of usurers would invent to attempt to extort from those in financial distress interest in excess of that allowed by statute. It has remained for judge and jury to look at and through each transaction to discern what is a screen behind which this despicable trade is plied or what is legitimate expense in making a loan. Some of the decisions of other states have upheld charges which to us seem out of reason, but fortunately the air of Texas is too clear to visit any such cloud upon the vision of the judiciary. "It is a question to be considered whether the agency was not itself the real lender, simply, of money it had borrowed from other parties. * * * If the jury should so find, the law will thrust aside such garments of fraud." Texas Loan Agency v. Hunter, 13 Tex. Civ. App. 402, 35 S. W. 399, 402. "It was nothing more than the usual efforts on the part of some money lenders to evade the usury law by adding a bonus to the face of the loan." Federal Mortgage Co. v. State National Bank (Tex. Civ. App.) 254 S. W. 1002, 1007. See Sayles v. Jackson (Tex. Civ. App.) 254 S. W. 218, where the lender claimed to charge a fee for guaranteeing the loan elsewhere. In Independent Lumber Co. v. Gulf State Bank (Tex. Civ. App.) 299 S. W. 939, 942, where the lender claimed the excess of 8 per cent. was for inspection of the security but the charges were made on renewals also, and in cases alike where inspection was not made, the court said, "But that malum prohibitum lay in tacking on still another 6 per cent. [over 10] per annum charge for no additional or different service to the borrower, but for 'the amount of trouble to the bank in carrying that type of loan.'"

■■ The jury found that this was a device to charge usury, and we agree with them. The law does not allow a lender to collect from his borrower in excess of 10 per cent. interest, his expenses or a part of them for conducting generally the business of lending money; nor as applied to this case can a lender lay out a scheme in advance by which it will engage in money lending all over the state of Texas and force each borrower to pay interest and in addition thereto what the lender conceives to be that borrower's pro rata of the lender's costs, office expense, income taxes, etc. The contract was usurious. Appellee purchased the security from Allgood, and, we will say for the disposition of this appeal, assumed the $3,700 note. She did not assume the $740 note, and its payment by her was payment of usury which appellant "received and collected." Article 5073, Rev. Statutes. Allgood assigned to appellee his claim for usury. Some of the payments of usurious interest were made more than two years before this suit was instituted. As to those payments, no penalty recovery can be had, and the trial court erred in rendering judgment for double such payments. Such payments are applied by law to the extinguishment of the principal. Neither does this allow the payments which appellee made on the principal to be converted into interest payments by virtue of such application of the law. This suit was instituted December 28, 1931. $4,207.92 was paid after December 28, 1929. Of this $3,700 was intended to be paid on principal, leaving a balance of $507.92 paid on interest and double that amount is $1,015.84. Prior to December 28, 1929, Allgood and appellee paid $671.40 on usurious interest. This last sum is by law applied on the principal. It is thus apparent that appellee in December, 1931, overpaid the principal by that sum, and is entitled to recover it.

■ Appellee's theory was that no usury was received or collected until December, 1930, because it was the acceleration clause which made the loan usurious, and that until accelerated no cause of action arose. We do not agree with appellee. The facts of Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.(2d) 282, 39 S.W.(2d) 11,

238

84 A. L. R. 1269, are squarely in point. There the borrower sued for penalty when the lender had not accelerated his loan and had no right to; the loan being not in default at the time the suit was instituted, and at said time "no greater interest than 10% per annum had been paid." Where a contract is tainted with usury, any interest paid thereunder bears that taint, and the suit for the penalty must be instituted within two years from such payment. Sugg v. Smith (Tex. Civ. App.) 205 S. W. 363; American Ass'n v. Daugherty, 66 Tex. Civ. App. 430, 66 S. W. 131, writs refused; Joy v. Fidelity Finance Co. (Tex. Civ. App.) 60 S.W.(2d) 1041.

The judgment of the trial court is reformed so as to allow appellee recovery for $1,687.24 with interest at 6 per cent. from December 29, 1932, the date of the judgment below. Costs of appeal are taxed against appellee.

### On Motion for Rehearing.

██ Appellant insists that we were in error in allowing in the recovery the amount equal to the interest paid more than two years before suit. The right to have applied upon the principal such usurious interest as was paid arises from the construction placed by our courts upon the Constitution of Texas, art. 16, § 11. The double recovery statute is in obedience to the mandate of that section. The payments made of interest more than two years before suit cannot be the basis for penalty recovery. However, they are applied to the extinguishment of the principal. That the borrower thereafter pay the entire contract principal without deducting the amount of the interest above mentioned does not make the payment of such excess a payment of interest. It is simply an overpayment of a debt, and may be recovered as such. The function of the usury laws has been fully performed when such interest is applied to the principal, and the recovery is for money had and received. Of course the same item of interest paid may not be applied upon the principal and also be the basis of a penalty recovery, but the payor thereof has an election. This was the holding in Hampton v. Guaranty State Ass'n (Tex. Civ. App.) 63 S.W.(2d) 873, 875. We think the election exists as to each separate transaction if more than one interest payment is made. That appellee had the right to such recovery here is fortified by the fact that as to those applied to the principal no election was available, for the payments were too old to admit of recovery of double their amount.

Our decision is exactly similar to that in Sugg v. Smith (Tex. Civ. App.) 205 S. W. 363. There is language in Joy v. Fidelity Finance Co. (Tex. Civ. App.) 60 S.W.(2d) 1041, to the effect that no "blending" is permissible, which is suggestively contrary to these opinions, but the language for ought of facts in that opinion is dictum, since no contention appears to have been made by the borrower in that case that he was entitled to recover for overpayment of the principal. In our case the facts of the payment of the usury are pleaded and a prayer for recovery is broad enough to cover the judgment rendered by us.

The motion for rehearing is overruled.