**GERARD et ux. v. NATIONAL BOND & MORTGAGE CORPORATION.**

No. 10135.

Court of Civil Appeals of Texas. Galveston.
July 18, 1935.

Rehearing Denied Oct. 3, 1935.

Charles Murphy, of Houston, for appellants.

David T. Searls and Vinson, Elkins, Sweeton & Weems, all of Houston, for appellee.

GRAVES, Justice.

This much of the brief of the appellee is adopted by this court both as to its statement of the issues involved and the determination thereof:

"This suit was instituted by appellants, E. J. Gerard and wife, Carrie Gerard, in the district court of Harris county, Tex., against the appellee, National Bond. & Mortgage Corporation, to recover double the amount of all interest paid by appellants to appellee as a penalty for the alleged. charge of usurious interest.

"Appellants alleged that they were the owners of a certain tract of land in Harris county, Tex., which was subject. to certain outstanding liens, and that they entered into a contract with the contractor, A. Jong, to take up all outstanding liens and to make additional improvements; that they executed promissory notes to A. Jong as follows: One for $14,000, one for $2,596.30, and one for $1,451.32, and that such notes and liens securing payment of same were assigned by Jong to National Bond & Mortgage Corporation and new notes in the same principal amounts were executed to National Bond & Mortgage Corporation in renewal of the notes which had been made payable to Jong; that they executed another note for $1,400, payable to Temple Lumber Company, which was transferred, together with the lien securing the payment of such note, to N. D. Dobbins, and that appellee, National Bond & Mortgage Corporation, transferred the $14,000 note to N. D. Dobbins, and released the other two notes held by it; that all of the notes were usurious and constituted a usurious loan to them, and that—in compliance with the terms of the notes—they paid to National Bond & Mortgage Corporation $171.50 monthly as interest for ten months and a penalty interest of $17.15 for a delay in one monthly payment, which constituted a payment of usurious interest.

"Appellants prayed for a judgment against appellee in the amount of $3,500, which constitutes double the amount of all interest they paid to it.

"In reply, appellee filed its trial answer, in which it alleged that on April 11, 1929, N. D. Dobbins brought suit against E. J. Gerard and wife, Carrie Gerard, in the district court of Harris county, Tex., and' alleged that he was the owner of a promissory note in the amount of $1,400 executed by appellants in favor of Temple Lumber Company; that such note was secured by a deed of trust on certain property which had been sold at public auction sale, and the purchase price credited upon the note. This suit was to recover the deficiency from E. J. Gerard and wife, Carrie Gerard; that the defendants in that suit filed their answer in reply to the petition of N. D. Dobbins, and also a cross-action, alleging that they had entered.into a contract with National Bond & Mortgage Corporation to take up all outstanding liens against certain property amounting to about $15,000, and that National Bond & Mortgage Corpora- tion required them to execute notes in the

total sum of $19,447.62, as follows: A $14,-000 note, a $2,596.30 note, a $1,451.52 note, and a fourth note for $1,400, which was the one sued on by Dobbins; that the defendants in the suit further alleged in such cross-action that the $14,000 note and lien securing it were transferred by National Bond & Mortgage Corporation to N. D. Dobbins and the other two notes held by it were released, and that the $1,400 note, payable to Temple Lumber Company, was transferred to Dobbins; that the defendants and cross-plaintiffs, E. J. Gerard and wife, Carrie Gerard, further alleged in their cross-action that all of the notes constituted a usurious transaction and that they had paid to National Bond & Mortgage Corporation $171.50 each month for ten months and a penalty of $17.15, all of which constituted a payment of usurious interest, and that they paid $400 as expenses at the time of executing their original contract, and they asked for a credit upon the principal note of $14,000 for all interest which had been paid by them and for all rents which had been collected from the property since March, 1929; that the suit and cross-action between Dobbins and the Gerards were settled and compromised, and under the terms of such settlement the deficiency suit by Dobbins was dismissed, and the Gerards were paid in cash the amount of $1,100, in full settlement and satisfaction of their alleged claims and causes of action asserted in such cross-action; that this constituted an election of remedies by the Gerards, and that they are now precluded from pursuing another remedy based upon the same cause of action; that the No. 2 note executed by appellants to it was a reimbursement for certain expenses which it had incurred in making the loan, and also expenses which it would incur in the future in connection with same. It alleged that appellants executed an agreement in which they agreed to reimburse National Bond & Mortgage Corporation for certain expenses which it would incur in having certain bonds sold in order to raise the money to be loaned to appellants, and that such expenses were to include the cost of guaranteeing the bonds, trustee's charge, sales expense, and tax-refund charges, and that pursuant to such agreement appellee incurred such expenses and appellants executed to it the No. 2 note in the amount of $2,596.30.

"All parties signed an agreed stipulation of facts, in which the allegations set out in such answer of the appellee were substantially agreed to, including the allegations with reference to the compromise and settlement of the cross-action brought by the Gerards against Dobbins to have all interest paid by them credited upon the principal note.

"The trial court rendered judgment in favor of defendant, National Bond & Mortgage Corporation, and appellants filed their appeal bond within the time required by law."

 Wherefore, appellants thus elected their remedy, and are now precluded from seeking judgment in the present suit for double the amount of the same interest payments, which constituted the basis of such cross-action by them against Dobbins. Wootton v. Jones (Tex. Civ. App.) 286 S. W. 680; Sugg v. Smith (Tex. Civ. App.) 205 S. W. 363, 374; Joy v. Fidelity Finance Co. (Tex. Civ. App.) 60 S.W.(2d) 1041; Cox v. Bishop (Tex. Civ. App.) 62 S.W. (2d) 1021; National Bond & Mortgage Corporation v. Mahanay (Tex. Civ. App.) 70 S.W.(2d) 236, 238; Ward v. Green, 88 Tex. 177, 30 S. W. 864, 866; Rushing v. Hall (Tex. Civ. App.) 74 S.W.(2d) 761; Texas Jurisprudence, vol. 15, pp. 830, 831; Ruling Case Law, vol. 10, p. 703; Johnson v. First National Bank of Marlin (Tex. Civ. App.) 198 S. W. 990; Gibson v. Hicks (Tex. Civ. App.) 47 S.W.(2d) 691.

As these cited authorities disclose, two principles of law applicable to the situation here obtaining are well settled:

(1) That a suit to recover the statutory penalty for the charge of usurious interest, and a suit to have all interest paid credited upon the principal, are inconsistent remedies.

The Joy Case, supra, summarized this rule as follows: "Plaintiff had the choice of two remedies, that is, he could have required the deduction of the amount of usurious interest paid, from the principal, or was privileged to pursue the course taken, that is, sue to recover double the amount of interest paid, but could not pursue both remedies or blend the two."

(2) Where a party pursues an inconsistent remedy to judgment, or accepts benefits thereunder, he is precluded from recovery under the other remedy.

The Gerards filed their cross-action against Dobbins seeking to have the interest payments credited upon the principal debt, which are the same interest payments

that are made the basis for their cause of action in this suit, wherein they are seeking to recover double the amount of such payments. When they settled their cross-action and had the deficiency suit against them dismissed and obtained a payment of $1,100 in cash in settlement of all claims and causes of action·asserted by them, they accepted the benefit under such remedy and pursued same to a conclusion. The settlement of their cross-action had the same effect as if they had pursued it to a final judgment, because they elected to accept a settlement of their remedy to have all interest credited upon the principal.

The second rule is declared in these quotations from Ward v. Green, and 10 Ruling Case Law, supra, respectively:

"Where a party who has a choice of remedies upon a cause of action pursues one of them to final judgment, he thereby makes an election by which he must be held to be estopped, and he cannot have successive suits against the same parties in order to ·determine whether or not he might recover upon a phase of the case not presented in the first action."

"Thus, it is a general rule that if one having a right to pursue one of several in·consistent remedies, makes his election, institutes suit, and prosecutes it to final judgment, or receives anything of value under the claim thus asserted, or if the other party has been affected adversely,· such elec·tion constitutes an estoppel thereafter to ·pursue another and inconsistent remedy."

It seems settled in Texas that the mere filing of a suit does not constitute an election of remedies [Johnson v. First National Bank (Tex. Civ. App.) 198 S. W. 990, writ ·of error refused], but when such suit is pursued to judgment, or some benefit is accepted thereunder, the election thus be·comes complete.

Furthermore, the same effect should be given to the settlement of the Gerard's cross-action against Dobbins as would have been given to a final judgment, because such compromise was binding upon the parties. Gibson v. Hicks (Tex. Civ. App.) 47 S.W.(2d) 691, writ of error refused.

Finally, the question of whether the loan involved is usurious is partly determinable by a decision of whether the·company could make a charge for certain expenses incurred by it. The No. 2 note executed by appellants in ·the amount of $2,-596.30 was an expense note, and the payments thereon were to constitute a reimbursement to appellee for certain expenses it had already incurred and would incur in the future. The company obtained the money it loaned to those borrowers by selling its bonds to the public, and in the sale of such bonds it incurred a sales' expense and an expense to Maryland Casualty Company for guaranteeing the mortgages it secured from appellants and deposited with the trustee, a trustee's expense, and a tax-refunding expense. All of these expenses are set out in paragraph 7 of the agreed stipulation.

The agreed stipulation also discloses that the borrowers, E. J. Gerard and wife, Carrie Gerard, agreed to reimburse the company for these expenses, and agreed that the No. 2 note and payments thereon should constitute such reimbursement.

This case was tried before the court and judgment rendered in favor of National Bond & Mortgage Corporation. As no request was made in the trial court for' findings of fact or conclusions of law, it must be presumed that the trial court found all findings to support its judgment, including one to the effect that the appellee did not intend to collect interest in excess of ten per cent per annum; see the Commission's holding in National Bond & Mortgage Corporation v. Mahanay, supra.

The case of Taylor v. Shelton, 63 Tex. Civ. App. 626, 134 S. W. 302, 304, relied upon by appellants, is clearly distinguishable on its facts, hence does not rule the one at bar.

Pursuant to these conclusions, the trial court's judgment will be affirmed.

Affirmed.