## J. D. BELLAH V. H. L. DENNIS.

No. 6865.   Decided May 5, 1937.
(104 S. W., 2d Series, 490.)

*Buson & Buson,* of Bowie, for plaintiff in error.

It was error for the court to hold that the recitals of assumption in the deeds were not sufficient to be binding on the subsequent lien holder, who claimed through a chain of title which included the deeds in question. Crews v. Taylor, 56 Texas 461; Powers v. Smith, 29 S. W. 416; 66 C. J. 1253.

*Homer B. Latham,* of Bowie, for defendant in error.

The note in question shows on its face that it was more than four years past due and under the law was presumed to have been paid when the deed from the first vendee to the subsequent purchaser was executed in which the note in suit was assumed, and the court erred in admitting in evidence said deed over the objection of the defendant. Jolly v. Fidelity Tr. Co., 10 S. W. (2d) 539; Caffarelli Bros. v. Pearce, 10 S. W. (2d) 594; T. A. Hill State Bank v. Schindler, 33 S. W. (2d) 833.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

Plaintiff in error Bellah filed suit on a promissory note for the principal sum of $300.00, and for the foreclosure of a vendor's lien securing same upon a tract of land in the town of St. Jo, Montague County. Defendant in error Dennis, the owner of a deed of trust lien against the land executed several years subsequent to the vendor's lien note, defended, as against Bellah's right to a foreclosure, upon the ground that the vendor's lien was barred by the statute of limitations. In the trial court Bellah was awarded judgment as prayed for. In the Court of Civil Appeals that portion of the judgment awarding him a recovery and foreclosure as against Lewis, who had assumed the note sued upon, was affirmed, but, as to Dennis, the holder of the deed of trust lien, judgment was rendered that Bellah take nothing. 78 S. W. (2d) 653. Bellah's application for writ of error was granted on assignments challenging the correctness of that portion of the judgment of the Court of Civil Appeals denying him a foreclosure as against Dennis. No other questions are presented here for decision.

The material facts are as follows: On October 2, 1917, Bellah conveyed the land to Bryant, retaining in his deed a vendor's lien to secure the payment of a note for $300.00 executed by Bryant in favor of Bellah and due on or before October 1, 1918. On May 6, 1925, Bryant conveyed the property to Lewis and Mann. In the deed of conveyance the Bellah note was correctly described and specifically assumed by Lewis and Mann. On July 27, 1925, Mann conveyed his interest in the property to Lewis and the latter therein assumed and agreed to pay all outstanding indebtedness against the business being conducted by Mann and Lewis. Among other claims assumed was the following: "$300.00 due J. D. Bellah." That deed expressly reserved the vendor's lien. On March 15, 1927, Bellah and Lewis executed an extension agreement which was promptly filed and recorded. By that agreement the maturity of the

Bellah note and lien was extended to October 1, 1927. This suit was instituted in September, 1931. The contract of extension described the property as Block 20, whereas it should have been described as Block 29. In June, 1929, a deed of trust lien was created against the property in favor of Dennis.

1   It may be assumed that the description contained in the contract of extension between Bellah and Lewis was insufficient to charge subsequent purchasers with notice thereof. It is made to appear affirmatively however that at the time the deed of trust lien was executed in favor of Dennis four years had not elapsed since the assumption by Lewis of Bellah's note in the deed from Mann to Lewis. An action against one who has assumed a purchase money debt may be commenced within four years after the assumption. L. C. Denman Co. v. Standard Savings & Loan Assn., 200 S. W. 1109 (error refused); R. B. Spencer & Co. v. Texas Pac. Coal & Oil Co., 91 S. W. (2d) 411 (error dismissed); McCraw v. Robinson, 239 S. W. 275; Ringle v. Waggoner, 238 S. W. 236; Rushing v. Hall, 74 S. W. (2d) 761.

2   At the time the deed of trust lien was created in favor of Dennis, Bellah's lien, of which Dennis is charged with notice by virtue of the assumption of the deed from Mann to Lewis, was not barred by the statute of limitations. Dennis therefore became a junior lien holder limited to whatever rights are accorded one occupying that position. Under a very recent holding by this Court, speaking through Justice SHARP, in Novosad v. Svrcek, 129 Texas 34, 102 S. W. (2d) 393, Dennis, the junior lien holder, is bound by the extension contract between Lewis and Bellah, provided that contract is sufficient as between the parties thereto. The jury found facts sufficient to establish its binding effect as between Bellah and Lewis. These findings are set out in the opinion of the Court of Civil Appeals and will not be repeated here. Since the extension was effective as between those parties, it was likewise binding upon Dennis, a junior lien holder. He has no greater right than his grantor. This question was discussed in the Novosad case, supra, and it is not thought that further writing thereon would serve any purpose.

It is therefore ordered that the judgment of the Court of Civil Appeals be reversed and that of the trial court affirmed.

Opinion adopted by the Supreme Court May 5, 1937.