**MILLER v. CREE et al.**

No. 2215.

Court of Civil Appeals of Texas. Eastland.

Dec. 12, 1941.

J. M. Parker, of Gorman, for appellant.

M. J. Smith, of Gorman, for appellees.

GRISSOM, Justice.

On September 17, 1940, J. A. Cree and H. A. Young, composing the partnership of Cree & Company, filed suit against Mrs. Ada Miller, a widow, and Lloyd Newman. The original petition contained the usual allegations of a suit in trespass to try title. Lloyd Newman was alleged to be the tenant in possession of the land sued for. Following the allegations customary to a suit in trespass to try title, it was alleged that on July 12, 1930, plaintiffs sold and conveyed the land to J. S. Kelly and wife; that as a part of the consideration the Kellys executed and delivered to plaintiffs three vendor's lien notes; that the Kellys kept the interest on the notes paid to July 12, 1939, and on several occasions acknowledged in writing that they owed plaintiffs said notes; that Mr. Kelly died and thereafter, on December 16, 1939, Mrs. Kelly, joined by the other heirs of her deceased husband, conveyed said land to Mrs. Miller; that in said deed Mrs. Miller, as a part of the consideration for the conveyance to her, assumed the payment of said vendor's lien notes; that Mrs. Miller had refused to pay them; that plaintiffs "do hereby disaffirm said notes and elect to recover the land hereinbefore * * * described and * * * bring this action of trespass to try title for the purpose of recovering the same."

In her original answer Mrs. Miller alleged the notes executed by the Kellys were due on July 12, 1931, 1932 and 1933, respectively, and were barred by the four years' statute of limitation at the time of the conveyance of the land to her. She also pleaded the five years' statute of limitation.

On December 3, 1940, plaintiffs filed an amended petition. It consisted of the usual allegations of a suit in trespass to try title. Plaintiffs then alleged, in the alternative, the execution of the deed by Cree and Young to the Kellys, the retention of a vendor's lien and execution of the three vendor's lien notes by the Kellys to the plaintiffs due on July 12, 1931, 1932 and 1933, respectively; that Kelly and wife kept the interest on the notes paid to July 12, 1939, and on numerous occasions in

writing acknowledged the justness of their debt to plaintiffs as shown by the notes; that the notes were never barred by limitation because of the acknowledgments of the justness of said debt. Plaintiffs alleged the execution by Mrs. Kelly and others of a deed to said land to Mrs. Miller, on the 16th day of December, 1939; that in said deed Mrs. Miller, as a part of the consideration for the conveyance, assumed the payment of the vendor's lien notes owned by plaintiffs and thereby became liable and bound to pay said vendor's lien notes. In the amended petition plaintiffs prayed for judgment against Mrs. Miller on the notes and for foreclosure of the vendor's lien, and for general relief.

In answer to plaintiffs' amended petition Mrs. Miller filed a general demurrer, specially excepted because in plaintiffs' original petition they had elected to recover the land, and had disaffirmed the notes; whereas, in the amended petition they were seeking foreclosure of the vendor's lien, and alleged that plaintiffs' amended petition constituted a new cause of action. Mrs. Miller further answered by plea of not guilty and a general denial. She then excepted to the amended petition because it appeared therefrom that the notes sued on were barred by the four years' statute of limitation. She then pleaded the five years' statute of limitation and alleged that at the time she purchased the land from Mrs. Kelly and others, plaintiffs' notes were barred. She alleged that plaintiffs in their original petition had elected to recover the land and had "disaffirmed" the notes and were estopped from asserting any right to recover on the notes. She alleged that when she purchased the land and paid a valuable consideration therefor she had no notice of any extension of the notes sued on, and that they had not been extended.

Judgment was rendered for plaintiffs against Mrs. Miller for the debt evidenced by said notes and for foreclosure of the vendor's lien, as it existed at the time of the conveyance by plaintiffs to the Kellys and as it existed on the 16th day of December, 1939 "the date that Mrs. Ada Miller assumed the payment of said debt and lien as shown in the deed from Mrs. Ella Kelly et al to Mrs. Ada Miller." From the judgment Mrs. Miller has appealed. No statement of facts is in the record.

Appellant's first proposition is: "In a suit for the title and possession of land where there is outstanding vendor's lien notes against the land, the plaintiffs could not disaffirm the notes in their original petition and in their first original amended petition, sue for the foreclosure of the notes which had been disaffirmed, and also sue for the title and possession of the land in the same suit which constitute two separate and distinct causes of action adverse to each other, and, therefore, could not be maintained in the same suit."

By her brief it appears the contention intended thus to be presented is that by filing the original petition plaintiffs elected to sue for the land in trespass to try title and could not thereafter, by virtue of an amended petition, obtain judgment for the debt and foreclosure of the vendor's lien.

We think appellees were not precluded by their original petition from thereafter filing an amended petition in which, in the alternative, they sought recovery on the notes and foreclosure of the vendor's lien. Under these circumstances, in order for appellees to have been precluded from such recovery on the ground of an election of an inconsistent remedy, it was necessary for appellees to have prosecuted their suit in trespass to try title to a final judgment, or to have received something of value under the claim thus asserted, or for appellant to have been affected adversely thereby. Gerard v. National Bond & Mort. Corp., Tex.Civ.App., 86 S.W.2d 74, 77, writ refused; Rushing v. Hall, Tex.Civ. App., 74 S.W.2d 761, 765; Kiel v. Staber, Tex.Civ.App., 116 S.W.2d 809, 812, writ refused; Marshall v. Mayfield, Tex.Com. App., 227 S.W. 1097, reversing Tullos v. Mayfield, Tex.Civ.App., 198 S.W. 1073, 1074; Arroyo-Colorado Nav. Dist. v. State National Bank, Tex.Civ.App., 90 S.W.2d 881, 883; Holland Texas Hypotheek Bank v. Broocks, Tex.Civ.App., 266 S.W. 183, writ refused; 15 Tex.Jur. 831. If appellees were not barred by having elected to pursue a different remedy, then no error was committed in permitting appellees in their amended petition to first allege a cause of action in trespass to try title and, in the alternative, a cause of action on the notes and for foreclosure of the vendor's lien, based on Mrs. Miller's assumption of the payment of the notes.

Appellant further contends that by virtue of the allegations of the original petition appellees lost their vendor's lien and the notes sued on were barred by the statute of limitation as against appellant "a third party to whom the land has been conveyed."

Under the facts alleged by appellees, the notes were never barred by limitation and the lien was not lost. Appellant's liability rests upon her assumption of the vendor's lien notes as a part of the consideration for the conveyance of the land to her by Mrs. Kelly and others. Hill v. Hoeldtke, 104 Tex. 594, 600, 142 S.W 871, 40 L.R.A., N.S., 672; R. B. Spencer & Co. v. Texas P. C. & O. Co., Tex.Civ.App., 91 S.W.2d 411; Briley v. Oldham, 132 Tex. 550, 124 S.W.2d 854, 857. The notes were not barred by limitation until four years after the date she assumed their payment. The suit was filed before that time. The notes were not barred by limitation. Bellah v. Dennis, 129 Tex. 367, 104 S.W.2d 490; Richardson v. Hughes, Tex.Civ.App., 146 S.W.2d 255; Rushing v. Hall, Tex.Civ. App., 74 S.W.2d 761, 765; Holcroft v. Wheatley, Tex.Civ.App., 112 S.W.2d 298, 299, writ dismissed; Kiel v. Staber, Tex. Civ.App., 116 S.W.2d 809; Ringle v. Waggoner, Tex.Civ.App., 238 S.W. 236, 239; Ellis v. Hannay, Tex.Civ.App., 64 S.W. 684.

The judgment is affirmed.