**W. T. RAWLEIGH CO. v. TERRELL.**

No. 2344.

Court of Civil Appeals of Texas. Eastland.

March 26, 1943.

Rehearing Denied April 23, 1943.

Biggers, Baker & Lloyd, of Dallas, for appellant.

Joseph A. Chandler, of Stephenville, for appellee.

GRISSOM, Justice.

On September 6, 1932, N. Hayes Anderson executed and delivered two promissory notes to Dr. J. C. Terrell. One note was for the principal sum of $982, due four years after date, and the other was for $400 and due six years after date. Anderson executed a deed of trust on land in Erath County to secure the payment of said notes;

it was recorded in Erath County on September 8, 1932. On September 6, 1936, Anderson executed a note to Dr. Terrell for $967.97, due September 6, 1941. This note, according to the trial court's finding of fact, which is supported by the evidence, was in renewal of the balance due on the note for $982, dated September 6, 1932, and due September 6, 1936. On March 14, 1938, the W. T. Rawleigh Company (hereinafter referred to as Rawleigh), obtained a judgment against Anderson, and in April, 1938, an abstract of this judgment was recorded in Erath County.

On January 28, 1942, Dr. Terrell filed suit on the $400 note, due September 6, 1938, and the $967.97 renewal note, due September 6, 1941. Dr. Terrell also sought foreclosure of his deed of trust lien against both Anderson and Rawleigh. Rawleigh answered, among other things, that Dr. Terrell's right to claim that his deed of trust lien was superior to Rawleigh's abstract of judgment lien, was barred by the four years' statute of limitation, Art. 5520. That such right was conclusively barred by Art. 5522, because Rawleigh held a lien on the same property and the renewal and extension, if any, of the debt due Terrell was not in writing and filed for record, as provided by Art. 5522, and was barred as against Rawleigh's abstract of judgment lien. Rawleigh also filed a cross action against Terrell and Anderson. It alleged facts showing an abstract of judgment lien against the Anderson land in Erath County. Rawleigh alleged that its abstract of judgment lien was superior to Dr. Terrell's lien on the Anderson land. The court rendered judgment for Terrell for his debt and foreclosed Terrell's deed of trust lien against both Anderson and Rawleigh. The judgment foreclosed Rawleigh's abstract of judgment lien against Anderson, but adjudged that lien to be subject and inferior to the deed of trust lien of Dr. Terrell. Rawleigh has appealed.

Rawleigh's first point is that the court erred in finding as a fact that the $967.97 note, executed by Anderson in 1936, was a renewal of the note for $982, executed in 1932. This point is overruled. There was ample evidence that the $967.97 was a renewal of the balance due on the $982 note, mentioned in the deed of trust executed by Anderson to Terrell and recorded in September, 1932.

No instrument, other than said deed of trust, was ever recorded showing the deed of trust lien of Dr. Terrell to secure the payment of the two notes executed by Anderson to Terrell in 1932, and the renewal of the $982 note in September, 1936. The $400 note was due 6 years after its date but the deed of trust recited its due date to be 4 years after September 6, 1932. Rawleigh's remaining points are directed to its contention that under the terms of the deed of trust Anderson's debt to Terrell was due September 6, 1936; that limitation began running on this debt on September 7, 1936; that the four-year period of limitation was complete on September 7, 1940, four years after the maturity of the debt as shown by the deed of trust; that, by the provisions of Articles 5520 and 5522, on September 7, 1940, the Terrell debt was conclusively presumed to have been paid; that no action could thereafter be brought to foreclose Terrell's deed of trust lien to the prejudice of Rawleigh as a holder of an abstract of judgment lien on the same property. Rawleigh concludes that because there was no instrument renewing Anderson's debt to Terrell recorded in Erath County, after four years from the maturity date of said debt, as shown by the record of the deed of trust, Dr. Terrell's debt and lien ceased to exist, so far as Rawleigh's abstract of judgment lien was concerned, and Rawleigh's lien thereupon became superior to Terrell's deed of trust lien, and that the trial court should have so held.

■■ The rule is well established that a junior lien holder who acquires his lien when the debt securing a first lien is not barred, and does not appear of record to be barred, is bound by an extension agreement between the owner of the land and the holder of the first lien, provided the contract of extension is sufficient between the parties thereto. At the time Rawleigh acquired an abstract of judgment lien on the Anderson land, Terrell's debt was not, and did not appear of record to be, more than four years past due. Under such circumstances Rawleigh's lien did not then, or thereafter, become superior to Terrell's deed of trust lien and Rawleigh was bound by the extension agreement between Anderson and Terrell. Bellah v. Dennis, 129 Tex. 367, 369, 104 S.W.2d 490; Wilkinson v. First National Bank, 118 Tex. 202, 13 S.W.2d 346, 348; Texas Company v. Tucker, Tex.Civ.App., 129 S.W.2d 762, 766, writ refused; Caffarelli Bros. v. Pearce, Tex. Com.App., 34 S.W.2d 813; First National Bank v. Gamble, 134 Tex. 112, 132 S.W.2d 100, 125 A.L.R. 265.

Rawleigh contends that an abstract of judgment lien takes unto itself each day any right in land which the owner of the land may acquire, and, therefore, four years after the maturity of the Terrell debt, as shown by the record of his deed of trust, under Articles 5520 and 5522, the Terrell debt was conclusively presumed to have been paid and thereupon the Rawleigh abstract of judgment lien then became a first lien. In other words, it is Rawleigh's contention that although Rawleigh's abstract of judgment lien was acquired at a time when Dr. Terrell's debt was not barred and did not appear of record to be barred, nevertheless, when thereafter Terrell's debt did appear from the record to be barred Rawleigh's judgment lien then became a first lien, displacing Terrell's deed of trust lien and that Rawleigh was not bound by the unrecorded extension agreement between Terrell and Anderson.

Art. 5522 reads in part: "Provided the owner of the land and the holder of the note or notes may at any time enter into a valid agreement renewing and extending the debt and lien, so long as it does not prejudice the rights of lien holders or purchasers subsequent to the date such liens became barred of record * * *."

Rawleigh's judgment lien was acquired at a time when in fact and as shown by the record of the deed of trust Dr. Terrell's lien was not barred. The Anderson-Terrell unrecorded extension agreement was made at a time when Terrell's debt was not, and did not appear of record to be, more than 4 years past due. Under such circumstances it cannot be said that Rawleigh, the second lien holder with notice of Terrell's deed of trust lien, was prejudiced by the Terrell-Anderson extension agreement. "* * * A junior lienholder who acquires his lien at a time when the first lien and the first lien notes are not barred is bound by an extension contract between the owner of the land and the holder of the first lien notes, provided that contract is sufficient as between the parties thereto". Yates v. Darby, 133 Tex. 593, 131 S.W.2d 95, 101. We overrule Rawleigh's contention that said rule does not apply to an abstract of judgment lien holder who files his abstract of judgment when there is of record a prior lien showing a debt not barred, although the judgment lien continues until the prior lien appears of record to be more than 4 years past due, when the parties to the first lien enter into a renewal and extension contract sufficient as between said parties but not recorded. Novosad v. Svrcek, 129 Tex. 34, 102 S.W.2d 393, 396; Texas Land & Mortgage Co. v. Cohen, Tex.Com.App., 159 S.W.2d 859, 862.

The judgment is affirmed.