**UNITED FINANCE & THRIFT COMPANY OF DALLAS, Inc., et al., Appellants,**

v.

**James E. FARR, Appellee.**

No. 16019.

Court of Civil Appeals of Texas.

Dallas.

June 29, 1962.

Irion, Cain, Cocke & Magee, and Burt Berry, Dallas, for appellants.

Fritz & Vinson, Dallas, for appellee.

DIXON, Chief Justice.

Appellee James E. Farr obtained judgment for double damages in the amount of $497.80 for usurious interest charged by United Finance & Thrift Company and State Loan & Finance Corporation. The former company is wholly owned by the latter company. The usurious interest was charged in three uninterrupted loan transactions. Each of the last two transactions was a renewal of its predecessor. The first named of the companies received the usurious interest and has appealed. There is no question raised as the liability of the parent company. Prior to the filing of this suit appellee had paid the last note in full in cash, including principal and interest.

Appellant admits that of the $477.80 awarded in the judgment appellee is entitled to the sum of $350.00. Thus the amount involved in this appeal is narrowed down to the sum of $147.70.

Appellant pled the two year statute of limitations as to the sum in controversy. In reply appellee pled that he exercised his option to have the payments in question applied to the principal not the interest. Therefore none of the interest payments were made outside the two year period.

In its one point on appeal appellant asserts that the trial court erred in permitting appellee to recover double the amount of usurious interest paid more than two years prior to the filing of the lawsuit.

There is no merit to appellant's point. Appellee had a right to have his payments applied first as credits on the principal. He is entitled to this right though he may not at the time of payment have directed how his payments should be applied, for the law will, as between a legal and an illegal debt, apply payments in the absence of direction, on the legal debt. Southern Industrial Corp. v. Harris, Tex.Civ.App., 22 S.W.2d 494, 495; Temple Trust Co. v. Stobaugh, Tex.Civ.App., 59 S.W.2d 916; Adleson v. B. F. Dittmar Co., 124 Tex. 564, 80 S.W.2d 939; Robertson v. Connecticut General Life Ins. Co., Tex.Civ.App., 140 S.W.2d 936, 42 Tex.Jur. 951, 958–959; Ware v. Paxton, Tex.Civ.App., 266 S.W.2d 218.

Under the above authorities payments made outside the two year period of limitations will be applied to the principal debt. All interest payments then fall within the two year period.

The judgment of the trial court is affirmed.

YOUNG, J., not sitting.